## 31325. FARLOW v. CENTRAL OIL COMPANY INC.

GARDNER, J.   Central Oil Company Inc. brought a dispossessory-warrant proceeding against E. W. Farlow.   The jury returned a verdict in favor of the plaintiff landlord for the possession of the premises in dispute, and the sum of $66.50 for double rent from March 1 to April 8, being the period from the termination of the lease to the date of the trial. The relationship of landlord and tenant was admitted.   It was also admitted that the relationship was one of tenancy at will.   The only assignments of error involve:   (1) Whether the statutory notice of sixty days was given under the Code, § 61-105.   That section reads: "Two-months' notice is necessary from the landlord to terminate a tenancy at will.   One-month's notice is necessary from the tenant." It appears that on December 21 the landlord wrote the tenant that the possession of the premises was desired immediately.   The tenant contacted the landlord with a view of continuing the relationship.   They failed to agree.   Both of them referred the transaction to their attorneys, who appear of record in this case.   The attorneys had a conference, but could not reach an agreement.   The attorney for the landlord notified the attorney for the tenant that the tenant must vacate the premises by March 1, next.   The tenant refused to vacate.   The dispossessory proceedings were begun on March 5, signed by the attorney of record for the landlord, by affidavit in conformance with the statute. A counter-affidavit was filed by the tenant denying that he was holding over and beyond his term.   The jury, after deliberating for some time, returned a verdict for $15.   Thereupon the attorney for the landlord stated that he would like to poll the jury.   A colloquy ensued between the court, the jury, and the attorney.   The jury were never polled. The judge, however, stated that, if there was any confusion, the jury should return to their room and determine a definite, reasonable amount of rent for the period from the time which they determined was a termination of the lease to the date of the trial, double this amount, and write such double amount in their verdict.   Thereupon the jury returned a verdict for $66.50 from March 1 to April 8.

(a) The notice required under the section of the Code quoted above need not be in writing.   Under the circumstances of this case, where the matter had been referred to the attorneys by both parties, the '60-days' notice to vacate the premises given by the attorney for the landlord to the attorney for the tenant, which notice was given on December 27 for the tenant to vacate on March 1, next, was a sufficient compliance with the provisions for notice required by the Code, § 61-105, and the jury were authorized in so finding.   See *Bean* v. *Barron*, 176 *Ga.* 285 (2) (168 S. E. 259), *Deveney, Hood Co.* v. *Burton*, 110 *Ga.* 56, 62 (35 S. E. 268), and *Citizens Bank of Vidalia* v̌. *Citizens & Southern Bank*, 160 *Ga.* 109 (127 S. E. 219).   These cases are analogous as to the issues involved on this point.

(b) Granting that there were some irregularities in the return of the verdict for $66.50, the evidence reveals that for a number of months preceding the date of the termination of the tenancy, the monthly rental was never less than $52 per month (the rental for the premises

being one cent per gallon on the gasoline which was sold at the gasoline service station, owned by the landlord and operated by the tenant, the landlord having an investment of approximately $30,000 in the filling station, which station was located on one of the most prominent street intersections in Augusta). It can, therefore, be readily determined that for the period from March 1, 1946, to April 8, next thereafter, the amount of the verdict of $66.50, and even more, judging from the record, was authorized, if indeed it was not demanded.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED SEPTEMBER 10, 1946. REHEARING DENIED OCTOBER 3, 1946.

*Nathan Jolles, Pierce Brothers,* for plaintiff in error.
*C. Wesley Killebrew,* contra.