## 59461. PROFFITT v. HOUSING SYSTEMS, INC.

DEEN, Chief Judge.

Proffitt was served with a dispossessory warrant under Code § 61-302 on April 6, 1979, seeking eviction for nonpayment of rent. He appeals from the trial court's grant of summary judgment to the appellee landlord.

1. The main issue, and the only one which appellant contends is reversible error in the main case, requires a decision as to whether he received notice of a demand for possession. It is established that the appellant was a tenant at will in rental property belonging to the appellee and was given by letter a notice of termination on June 22, 1979, after this action was filed. On August 24, more than 60 days later, demand for the premises was made by the attorney for the landlord by letters directed to the appellant and to his attorney of record. The latter acknowledges receipt of the demand; the former denies receiving the letter addressed to him. By amendment the ground of holding over beyond the term was added to the dispossessory. A counterclaim filed by the defendant was eventually dismissed by the trial court; the defendant retained possession of the property on the ground that he had received no proper demand for possession either as a tenant holding over or for nonpayment of rent. In *Farlow v. Central Oil Co.*, 74 Ga. App. 349 (39 SE2d 561) (1946), also a dispossessory warrant proceeding, it was held that "where the matter had been referred to the attorneys by both parties, the 60-days' notice to vacate the premises given by the attorney for the landlord to the attorney for the tenant . . . was a sufficient compliance" with Code § 61-105 terminating a tenancy at will. Code § 61-301 provides that where the owner desires possession of property occupied by a tenant at will or sufferance he may, by himself, his agent, *or his attorney at law,* demand possession and, if it is refused, proceed by dispossessory warrant against the defendant as a tenant holding over. We do not find any reason why the fact that, although the dispossessory warrant was first sued out on the ground of nonpayment of rent, and the 60-day notice was given during the pendency of the action, a demand for possession after the conclusion of the 60-day period served on the attorney of record should not be as effective as one prior to the filing of the action. Further, notice to the attorney of record during the course of litigation is deemed sufficient unless the statute or order calls for personal service on the party. Code §§ 24-3326; 81A-105 (b). The appellee was entitled to summary judgment against the tenant holding over.

2. During the course of this litigation the defendant filed a cross claim which the trial court properly construed as an action for malicious use of process and dismissed on the ground that the proceedings had not terminated in favor of the tenant. The judgment was correct.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED FEBRUARY 7, 1980 — DECIDED MARCH 21, 1980.

*Macklyn A. Smith,* for appellant.
*Charles S. Hunter, Jack O. Morse,* for appellee.