HORTON *vs*. THE STATE OF GEORGIA.

1. In cases of crimes perpetrated by several persons, when once the conspiracy or combination has been established, the act or declaration of one conspirator or accomplice in the prosecution of the enterprise is considered the act or declaration of all, and therefore imputable to all.

(*a*). A conspiracy was established in this case, and the various admissions of testimony and charges of the court, complained of on the ground that there was no evidence of such conspiracy, were right.

2. The indictment charging a larceny of more than fifty dollars in money, and there being testimony to support the indictment (including a restoration of the full amount lost)—although only one bill of ; 50 was specially identified—there was no error in leaving the jury to decide the amount stolen, as well as the other facts, that is, whether the larceny was of more than fifty dollars or not.

3. Newly discovered evidence, the sole object of which is to impeach a witness sworn on the trial, will not require the grant of a new trial.

4. The verdict in this case was demanded by the evidence.

Criminal law.   Charge of court.   New trial.   Before Judge HILLYER.   Fulton Superior Court.   October Term, 1880.

To the report contained in the decision it is only neces· sary to add that the newly discovered evidence relied on was such as tended to impeach Mosely, a leading witness for the state.

L. J. GARTRELL; W. H. HULSEY; J. A. ANDERSON, for plaintiff in error.

B. H. HILL, Jr., solicitor general, for the state.

SPEER, Justice.

John Horton (plaintiff in error), Lewis Wilson and James Donovan were at the fall term, 1880, of Fulton superior court, jointly indicted for the offense of larceny from

the person. The charge was, that on the 10th day of November, 1880, they stole from the person of William Mosely five hundred and ninety dollars. Defendants severed on the trial. Plaintiff in error was tried and convicted, and made a motion for a new trial on these grounds :

(1). Because the verdict is contrary to law.

(2). Because contrary to evidence, weight of evidence, and without sufficient evidence to support it.

(3). Because the evidence shows no act connecting defendant with the perpetration of the crime with which he is charged.

(4). Because the court erred in refusing to exclude evidence on defendant's motion as to loss or value of any money other than the fifty dollar bill described in indictment, no other money being sufficiently described in indictment to put defendant on notice as the law requires.

(5). Because the court allowed A. B. Connally, state's witness, to testify, over defendant's objection, that on a former trial W. G. Mosely identified Horton as one of those who stole his money by pointing him out. The testimony of said Mosely being read on this trial under an agreement, placing said testimony on the same footing as if delivered from the stand on this trial.

(6). Because the court erred in allowing Connally, a witness for state, to testify to the search of Wilson and its results, at Fairburn and Atlanta, several hours after the arrest of prisoner in Atlanta, Wilson having gone to Fairburn and been arrested there, after prisoner's arrest, and the money ($620.00) having been found on him after he was brought back to Atlanta, but before he had been with Horton at all.

(7). Because the court erred in admitting in evidence an order given by this defendant, and those indicted with him, to Capt. Connally, directing him to turn over their money and effects to their counsel. This order having been given after the completion of the offense charged.

(8). Because the court admitted in evidence a fifty dollar

bill taken from Lewis Wilson's person after his arrest in Fairburn and return to Atlanta.

(9). Because the court erred in admitting in evidence the railroad tickets taken from Wilson and this defendant, purchased in Cincinnati, Ohio, before any conspiracy to commit the crime could have been formed.

(10). Because the court erred in allowing Jack W. Johnson to testify as an expert, over defendant's objection, that the railroad tickets of Wilson and this defendant were purchased at the same time and place.

(11). Because of error in allowing Robinson and wife, and C. A. Watkins to prove that at the fair ground near Atlanta, in October, 1880, defendant and Lewis Wilson were together and, acting in concert, picked said C. A. Watkins' pocket of two hundred and eighty-five dollars, and then escaped.

(12). Because the court erred in charging, " The court is of opinion and so instructs you, that if the parties formed a common design and entered upon the execution, as long as the common design was in the process of execution, then the act of the one would be the act of the other and the act of all would be the act of each "—there being no evidence of conspiracy or combination between the defendant and those indicted with him to justify the giving of this charge to the jury.

(13). Because the court erred in charging the jury as follows: " If you find the defendant guilty, you will have to find the extent to which he is guilty, and if you find that he is guilty and find the larceny amounted to more than $50.00, you will say, ' we, the jury, find the defendant, Horton, guilty,' " and that would mean guilty of the felony charged, there being no description in the indictment of any money alleged to have been stolen except the $50.00, and no evidence identifying any stolen, except the $50.00, to justify the charge.

(14). Because the court erred in not excluding from the jury all evidence showing that Mosely had got his money

back, there being no evidence showing he had got it back from this defendant.

(15). Because of the newly discovered evidence as set forth in affidavits of J. T. Bowden and J. B. Monagan, set forth in record.

(16). Because the verdict was contrary to law and evidence in this, that it finds defendant guilty of a felony, when the indictment only charges a larceny of $50.00 in good legal form.

Thirteen of the grounds of this motion for a new trial are based mainly upon the assumed fact on the part of defendant's counsel that there was no sufficient evidence to establish even *prima facie* that the defendant, and Wilson and Donovan were in a common and joint conspiracy to commit the larceny charged. The rule is too well established to be now questioned that in cases of crimes perpetrated by several persons, when once the conspiracy or combination has been established, the act or declaration of one conspirator or accomplice in the prosecution of the enterprise is considered the act or declaration of all, and therefore imputable to all. All are deemed to assent to or command what is said or done by any one in furtherance of the common object. This conspiracy must be shown *aliunde* by proof sufficient to establish *prima facie* the fact of conspiracy between the parties, the question of such conspiracy being ultimately for the jury. Let us examine briefly a portion of the evidence, to see upon what proof the court came to the conclusion that there was sufficient evidence, at least *prima facie*, for him to allow the acts and declarations of these defendants to be proved, one against the other, and to charge, as he did, that if such conspiracy was proved, then the act of each would be the act of all in furtherance of this common purpose or design.

The evidence discloses the fact that on November 10th, 1880, W. G. Mosely came into Atlanta on the Central Railroad train from Bolingbroke station *en route* to Louisiana.

Moses Heard and family and Mosely's family accompanied him. Mosely had $590.00 in a shot bag in his pants pocket. As the train was stopping under the car-shed, in Atlanta, he, while on the train, was surrounded by five men, who pressed up and around him, one pushing him in the breast and saying, " let him pass." As the pressure was relieved he thought of his money—felt for it—it was gone. He cried out, " I am robbed ;" the five men ran ; he ran after them ; some ran out of one door and some out of the other; they ran on board of the West Point train. " I know this defendant was one of the men that was pressing me when I was robbed ; so were the other two present, Wilson and Donovan, pressing; I had my hand on my money but a moment before, and took it off to reach up and get a cap from the car-rack, when I was pressed by these men and robbed. As soon as I called out I was robbed the five men fled, including the defendant here and the other two here indicted. Three of them boarded the West Point train."

Heard also testified that the defendant Horton was one of the five men who ran. So did Renneau, the conductor, who saw him as he came from the car. Horton, defendant, was soon after arrested on the West Point train while under the shed. He had three one hundred dollar bills concealed in his under-shirt, but this was not part of the stolen money. Wilson was arrested at Fairburn, on the West Point road, same day. He had $620.00 concealed in his clothing, among which was the $50.00 bill identified by Mosely as his, and corresponding to the description in the indictment. Donovan was arrested in LaGrange, on same train. He had $65.00 in money, a diamond and a $1,000.00 certificate of deposit. He attempted an escape from a cell at station-house. The three prisoners, including defendant, employed same counsel, and gave them an order on the police for their money and effects ; all three signing the order. General Gartrell and Colonel Hulsey received their money, and refunded Mosely his

money back from that received under the order of their clients, and of money taken from Wilson's person. Railroad tickets purchased in Cincinnati to Montgomery, Alabama, of same date and of consecutive numbers, and marked "theatrical" and punched at same time, were found on the persons of Wilson and defendant, Horton. Donovan admitted he had one like it. Wilson, Horton and Donovan, testified they did not know each other. It was further shown by Mr. and Mrs. Robinson, and Mr. Watkins, that Wilson and Horton were together at the fair ground near Atlanta, in October previous, and were engaged in a joint larceny on that occasion on Watkins, but escaped. With this testimony, how any one could hesitate to believe these three defendants, including prisoner, had entered into a common purpose to commit this larceny, we cannot imagine. With this not only *prima facie* but almost conclusive evidence of a conspiracy between these defendants to rob Mosely, we see no error in the admission of evidence, rulings of the court and charge to the jury as complained of in the various grounds of the motion for new trial.

If this conspiracy existed, then the possession of the money by Wilson was the possession of the co-conspirators, and from one arm being off and the other hand being much mutilated, it was no difficult matter to recognize and identify him as the witnesses did. We are fully satisfied from the evidence that the verdict was not only right, but was demanded from the proofs submitted.

Let the judgment of the court below be affirmed.