### 2222. JONES et al. v. POPE.

No error of law appears, and the evidence fully supports the verdict.

Complaint; from city court of Dublin—Judge Hawkins. September 22, 1909.

Argued December 20, 1909.—Decided March 11, 1910.

*James B. Sanders, Davis & Hightower,* for plaintiffs in error.

*James K. Hines, P. L. Wade,* contra.

HILL, C. J. Pope sued Walter B. Jones and A. B. Jones as makers, and the Laurens Banking Company as indorser, on two promissory notes, payable to the banking company and indorsed to the plaintiff, stipulating for interest at eight per cent., and ten per cent. as attorney's fees. The verdict was for the plaintiff, and the defendants excepted. Walter B. Jones pleaded payment. A. B. Jones pleaded, that he was surety on the notes, and that he was released from liability, because they were secretly tainted with usury, without his knowledge when he signed them; that they contained waivers of all rights to homestead exemption, and his risk as surety was thereby increased. The Laurens Banking Company pleaded that it did not sell or discount the notes, but that the plaintiff, at the instance of the makers of the notes, took them up and only paid the bank what was actually due, and that the transfer of the notes by the cashier with recourse was without authority, and was an inadvertence, and that it was not intended either by Pope or the banking company, or the cashier, that the notes should be transferred with recourse, but it was the understanding of Pope, the banking company, and the cashier that they were to be trans-

ferred without recourse. Both. the Joneses admitted notice as to attorney's fees. The banking company averred that it could neither admit nor deny this allegation, for want of information. The evidence as to the issues made by the several pleas was in conflict, and the verdict in favor of the plaintiff is fully supported. Several special assignments of error are made which we will briefly notice. One ground of the motion for a new trial is that the court erred in admitting, over objection, the following evidence of A. B. Jones: "At the time I reckon I knew the rate the bank charged a party borrowing money from it. From 10 to 12 per cent. was the rate. I was director in the Dublin Banking Company at the time, and it comes within my knowledge that the bank had an understanding about what rate of interest they charged. This rate was 12 per cent. on small amounts,—from 9 to 12 per cent." The objection urged against this testimony was that the issue to be determined was not as to the rate of interest the bank might be accustomed to charge on loans, but as to the rate charged in this particular transaction. We think the evidence objected to was admissible. A. B. Jones having defended on the ground that he was surety on the notes and that the waiver of the homestead was void because of usury, and that as he had no notice of it when he signed the same as surety he was discharged, this evidence was a circumstance tending to rebut the truth of this defense and to show knowledge on the part of the surety that there was in fact usury in the notes. We think this evidence was also admissible for the purpose of corroborating the presumption that the surety on the note had knowledge of the circumstances of his principal at the time he became surety. *Graham* v. *Marks*, 98 *Ga.* 70 (25 S. E. 931).

Another ground of the motion for a new trial is based upon an objection made to the admission in evidence of certain alleged checks. The contents of these checks are not set out or even substantially stated in this ground, and we can not tell whether they were admissible or not. This ground is too imperfect for consideration. *Rossiter MacGovern & Co.* v. *Carrollton Electric Light Co.*, 5 *Ga. App.* 393 (63 S. E. 233).

In admitting certain checks in evidence, the court used the following language: "The checks go to show whether there was a settlement of the note and timber, and I will let them stay in for

that purpose." The objection made to this statement is that it was an expression by the court on the probative value of the evidence embraced in the checks. This statement of the trial judge was evidently made in explanation of his ruling in admitting the checks in evidence. A trial judge can state his reasons for admitting or refusing to admit evidence, if such reasons are pertinent to the objections to evidence and the ruling made thereon; and this statement does not constitute such an expression of opinion as is violative of section 4334 of the Civil Code. *Crawford* v. *State*, 4 *Ga. App.* 789 (62 S. E. 501) ; *Bass* v. *State*, 4 *Ga. App.* 844 (62 S. E. 540) ; *Realty Co.* v. *Ellis*, 4 *Ga. App.* 402 (6), 406 (61 S. E. 832) ; *Oliveros* v. *State*, 120 *Ga.* 242 (47 S. E. 627), and cases there cited. See also *Central Ry. Co.* v. *Harper*, 124 *Ga.* 844 (53 S. E. 391).

The 4th and 5th special grounds of the motion for a new trial contain exceptions to the charge of the court on the subject of impeachment of witnesses. The charge as objected to is substantially in the language of the statute, and conforms to repeated rulings of the Supreme Court and of this court.

It is said that the court erred in charging the jury as follows : "If you find for the plaintiff, you should find ten per cent. attorney's fees, as that is admitted to be the attorney's fees." The only objection made to this charge is that it was an incorrect statement of the admission of the defendants. The petition in the case alleged that the necessary notice as to attorney's fees had been given to the defendants; and two of the defendants,—the two Joneses,—in their answer admitted that such notice had been given; but the banking company averred that from lack of information it could neither admit nor deny this allegation. The note sued on provided for 10 per cent. as attorney's fees. We think this charge of the court was correct. So far as the answer of the bank was concerned, it was obviously evasive; and the court did not err in treating it as an admission of the truth of the allegation contained in the petition. Civil Code, § 5054; *Raleigh R. Co.* v. *Pullman Co.*, 122 *Ga.* 707 (50 S. E. 1008).

We think the verdict of the jury is fully supported by the evidence on all the material issues in the case; no material error of law was committed; and no reason appears why another trial should be granted. *Judgment affirmed.*