26207. ADAMS *v.* THE STATE.

GUERRY, J. 1. Where two or more persons, by agreement express or implied, confederate themselves together to assault any person who may get in their path, and do actually arm themselves with knives and ice-picks and make an assault upon another, the act of one constitutes the act of the other; and it is not material that the person assaulted is unable to state positively which of the defendants stabbed or cut him. *Horton* v. *State*, 66 *Ga.* 690; *Handley* v. *State*, 115 *Ga.* 584 (41 S. E. 992); *Kirksey* v. *State*, 11 *Ga. App.* 142 (2) (74 S. E. 902).

2. Such an agreement or conspiracy may be shown by circumstantial evidence. *Smith* v. *State*, 47 *Ga. App.* 797 (171 S. E. 578). In this connection, the acts of the parties at or about the time of the offense charged and the manner in which the offense was committed are proper subjects for consideration. *Nelson* v. *State*, 51 *Ga. App.* 207 (180 S. E. 16). Consequently proof that either shortly before or shortly after the

prosecutor was stabbed by one of the three defendants, who were all present and armed with knives or ice-picks, other persons were assaulted and cut or stabbed in a similar manner, is relevant to show their intent and the fact that they had confederated themselves together to assault the prosecutor. The fact that this evidence discloses another and distinct crime from that charged makes it none the less admissible, where it is otherwise relevant to show intent, etc. See, in this connection, *Cawthon* v. *State*, 119 *Ga.* 395 (4, 5, 6) (46 S. E. 897).

3. Where evidence of such other similar offenses committed by one of the defendants while the others were present and armed, at or about the time the offense charged was committed, is offered by the State and objection is made thereto, and the court rules that "It is allowed for the purpose of showing animus," this is not such an expression of opinion by the judge as is prohibited by the Code, § 81-1104. *Jones* v. *Pope*, 7 *Ga. App.* 538, 540 (67 S. E. 280) and cit.

4. Under the facts of this case the court did not err in charging the jury on the law of conspiracy. This is true although the indictment did not allege the existence of a conspiracy between the defendants. *McLeroy* v. *State*, 125 *Ga.* 240 (2) (54 S. E. 125).

5. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED MAY 5, 1937.

*George H. Perry,* for plaintiff in error.
*R. A. Patterson, solicitor-general, Hooper & Hooper,* contra.