27488. MORGAN, *alias* CREEL, *v.* THE STATE.

904

DECIDED APRIL 11, 1939.

*James R. Venable, B. J. Dantone,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. Walter LeCraw, Quincy O. Arnold,* contra.

MacINTYRE, J.  Howard Morgan, alias Creel, was indicted for the offense of burglary.  The jury returned a verdict of guilty. The defendant made a motion for new trial which was overruled and he excepted.

■  In opening his charge to the jury the judge said:  "The grand jury of this county, on the 27th day of March, 1936, returned into this court *as true* a bill of indictment against the defendant on trial, Howard Morgan, alias Creel, and another, charging them with the offense of burglary.  The allegations are that . ." (Italics ours).  The defendant excepted to this charge on the ground "that the court in using the language *as true* was an expression of opinion by the court that the indictment was *true* because the grand jury had returned the same against plaintiff in error."  Later on in his charge to the jury the judge instructed them:  "Neither this indictment nor the plea are evidence, but they together form the issue that you are to try. . .  This defendant here enters upon this trial with the presumption of innocence. . ."

A grand jury may find an indictment presented to them either a "no bill" or a "true bill," and before the defendant can be put on trial before a petty jury on such an indictment it must have been found a "true bill."  The charge, considered as a whole, made it very clear to the jury that the fact of the return of the indictment had no effect except to present in correct form the State's written contention that the defendant was guilty as alleged in the indictment, and which, when denied by the defendant in his plea, formed the issue they were to try.  The charge was not reversible error.

■  The court in its charge said:  "Now, gentlemen, the State further contends that this defendant made an inculpatory admission.  Well, you determine as to whether or not he did make such an admission; he denies it, and you have to look to the evidence

and see. Now, gentlemen, of course if you reach the conclusion that he did not make the inculpatory admission as charged by the State, then you would have no occasion to apply these instructions. Gentlemen, the solicitor says that he does not insist that any admission was made, so I withdraw those instructions just given you with reference to the alleged admission; *my recollection was that he did make an inculpatory admission, not a confession of the crime, but an admission,* but you disregard those instructions with reference to an admission." (Italics ours.) The defendant excepts especially to the italicized words on the ground that the court intimated and expressed his opinion as to what had or had not been proved.

It seems to us that the reasonable inference is that the excerpt of the charge complained of conveyed to the jury the idea that the judge's recollection was that there were inculpatory statements, not confessions, made, and that that was the reason the judge was charging them on that subject. But in view of the solicitor-general's statement that he did not "insist" (contend) that there were any inculpatory statements in the case, the judge was instructing them to disregard whatever he had said in his charge in any way relating to inculpatory admissions. In other words, the judge in effect was saying, "While my recollection is that such admissions were made, the solicitor-general's statement has raised in my mind a doubt as to whether such statements were made, and if the solicitor-general wishes to waive a point which would be in his favor and dispense with a charge on this point, I would give the defendant the benefit of this doubt and instruct you to 'disregard those [any] instructions with reference to an admission.'" In short, the trial judge's statement was made in explanation of his withdrawal of the part of his charge relating to inculpatory statements and was merely giving his reasons therefor and in doing so, we do not think his language constituted an expression of opinion in violation of the Code, § 81-1104; *Jones* v. *Pope,* 7 *Ga. App.* 538, 540 (67 S. E. 280) ; *Smith* v. *Jones,* 185 *Ga.* 236 (194 S. E. 556) ; *Adams* v. *State,* 55 *Ga. App.* 729 (191 S. E. 280) ; *Lesler* v. *Baxter,* 184 *Ga.* 368, 374 (11) (191 S. E. 429, 110 A. L. R. 493).

Having decided that the judge withdrew that part of his charge relative to inculpatory statements, the ground complaining of the charge on this subject is not cause for reversal. The general

grounds being neither argued nor mentioned in the plaintiff in error's brief, they are considered as abandoned.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*