33266. BROWN *v.* THE STATE.

DECIDED FEBRUARY 2, 1951.

*Barrett & Hayes, George C. & Dan Mitchell,* for plaintiff in error.

*Paul Webb, Solicitor-General, C. O. Murphy, William Hall,* contra.

MacIntyre, P. J. Thomas F. Brown, alias "Cannon Ball," and Calvin Austin were jointly indicted in the Superior Court of Fulton County on two counts. The first count charged them with larceny of an automobile in DeKalb County, brought into Fulton County. The second count charged them with knowingly having in their possession an automobile the motor number of which had been changed and altered for the purpose of concealing and making difficult the identity of the car. The defendants were not tried together, and we are concerned in this case only with the trial of the defendant Brown. He was convicted on both counts of the indictment. His motion for a new trial was overruled and he excepted.

■ It appears from the evidence that, on January 7, 1949, A. T. Chapman was the owner of a black Mercury Club Coupe, motor No. 2191 585. He parked this car beside his house in DeKalb County on the night of January 7, 1949, and the following morning the car was gone and he had given no one permission to take it. Some six months later, on June 22, 1949, Chapman was telephoned by a special agent of the National Automobile Theft Bureau to come to the defendant's place of business on Lee Street in the City of Atlanta and the County of Fulton to identify a car, a black Mercury Club Coupe, which the defendant had in his possession. Chapman and his wife went to the defendant's place of business and both positively identified the car in the defendant's possession as Mr. Chapman's property, by virtue of certain scratches and scars upon the car, although the motor number of the car in the defendant's possession differed from the number which had been on Chapman's car at the time of its purchase. The car in the defendant's possession bore the number, 899A 2,175,320. Calvin Austin, who had been indicted with, but not tried with, the defendant testified in part: "I have seen the automobile that is named in the indictment and am familiar with it. I seen him [the de-

fendant] driving it. I know how he came to be in possession of that automobile; I stole it and carried it over there to his place of business. I got it over in Little Five Points. Mr. Brown [the defendant] drove me over there in my automobile. I just picked it out and got it. He brought my car back, and I have sold it:" On recross-examination Austin testified: "I got with Mr. Brown right after dark over at his garage and we just started driving around. I was going to help him [the defendant] get that Mercury." Mr. McKibben, the special agent for the National Automobile Theft Bureau, testified that he examined the numbers on the car in question and he was positive that the numbers had been ground off and new ones added. James Moss testified that at some time the first part of the year 1949 he had, at the request of the defendant, changed the motor numbers on a Mercury Club Coupe.

Under this evidence the jury was authorized to find that Austin and the defendant were conspirators in the theft of the automobile, that the automobile in the defendant's possession, was the automobile named in the indictment as the property of Mr. Chapman, that the automobile was stolen in DeKalb County and brought into Fulton County, and that the defendant had directed the altering of the motor numbers on the car. These authorized findings include every essential ingredient of both the crimes charged in the indictment and the evidence, therefore, sufficiently supported the verdict finding the defendant guilty on both counts.

■ Special grounds 2 and 3, numbered 4 and 5, being closely related upon principle, will be considered together. Ground 4 contends that the only evidence tending to connect the defendant with larceny of the automobile is that of Calvin Austin, who confessed the theft of the car, and that under the law, this absolved the defendant of any guilt of the offense of larceny of the automobile. In special ground 5, the defendant assigns error upon the court's charging the theory of conspiracy, as the indictment did not charge conspiracy between the defendant and Calvin Austin, and the charge was not adjusted to the evidence.

In *Chambers v. State*, 194 *Ga.* 773, 784 (22 S. E. 2d, 487), it is stated: "It has been repeatedly held by this court that a conspiracy may be proved, though not alleged in the indictment or

accusation. *Dixon* v. *State,* 116 *Ga.* 186 (8) (42 S. E. 357);
*Whitaker* v. *State,* 159 *Ga.* 787 (5) (127 S. E. 106); *Johnson* v.
*State,* 188 *Ga.* 771 (3) (4 S. E. 2d, 639); *Harris* v. *State,* 190 *Ga.*
258 (4a) (9 S. E. 2d, 183); and see also *Loeb* v. *State,* 6 *Ga.*
*App.* 23, 27 (64 S. E. 338); 31 C. J. 740, § 290; 27 Am. Jur. 655,
§ 95." Austin testified that the defendant drove him to a point
near the place where he stole the car; that he "got with" the
defendant right after dark and they started driving around; and
that he was going to help the defendant get "that Mercury."
Austin identified the car found in the defendant's possession as
the Mercury which he had stolen and delivered to the defend-
ant's garage. Under this evidence and the circumstances of this
case, there is a fair inference that a conspiracy existed between
the witness Austin and the defendant to steal the automobile;
and, "where individuals enter into a conspiracy to commit a
crime, its actual perpetration by one or more of them in pur-
suance of such conspiracy is in contemplation of law the act of
all, and therefore is imputable to all, regardless of their presence
or absence at the time it is committed. *Nelson* v. *State,* 187
*Ga.* 576 (2), 580 (1 S. E. 2d, 641); *Johnson* v. *State,* 151 *Ga.* 21
(2) (105 S. E. 603); *Hill* v. *State,* 28 *Ga.* 604, 606; *Horton* v.
*State,* 66 *Ga.* 690; *Handley* v. *State,* 115 *Ga.* 584 (41 S. E. 992)."
*Chambers* v. *State,* 194 *Ga.* 773, 781 (supra). That portion of
the charge of the court upon the theory of conspiracy of which
the defendant complains was, therefore, adjusted to the evidence
and the court did not err in charging upon this principle.
*Adams* v. *State,* 55 *Ga. App.* 729 (191 S. E. 280); *McLeRoy* v.
*State,* 125 *Ga.* 240 (2) (54 S. E. 125); *Daniels* v. *State,* 58 *Ga.*
*App.* 599 (199 S. E. 572). There is merit in neither ground 4
nor 5 of the motion for a new trial.

■ In special ground 3, numbered 6, error is assigned upon
the following portion of the court's charge to the jury: "The
law presumes every act unlawful within itself to have been
criminally intended until the contrary is made to appear." The
defendant contends that this portion of the charge is a misstate-
ment of the law applicable in this case; constitutes an expres-
sion of an opinion by the court that the defendant had actually
committed the act of stealing the automobile; and relieved the
State of the burden of proof imposed upon it and influenced the

jury to disregard another portion of the charge wherein the court had charged the jury that it was necessary for the State to prove intent, and that intent is a necessary element of the crime.

The portion of the charge objected to appears in the following context: "Now, gentlemen, the offense charged in count one of this bill of indictment is that of larceny of an automobile. I charge you that simple theft or larceny is the wrongful and fraudulent taking and carrying away by any person of the personal goods of another with intent to steal the same. The thief may be indicted in any county in which he may carry the goods stolen. The larceny of any automobile, locomobile, motorcycle or any like vehicle propelled by electricity or gasoline shall be a felony and any person convicted thereof shall be punished by imprisonment in the penitentiary for a time not more than five nor less than one year. Now, gentlemen, I charge you that intent to steal is an essential element of the offense of larceny of an automobile. Intent to steal may be established in many ways provided the jury find that it existed from the facts proven to them. Intent to steal may be inferred from proven circumstances, proven acts, or proven conduct. Intent to steal may be inferred where it is the natural and necessary consequence of a proven act or proven conduct. The law presumes every act unlawful within itself to have been criminally intended until the contrary is made to appear."

The language of the instruction which is complained of is essentially a quotation from *Lawrence* v. *State,* 68 *Ga.* 289, and therefore may be assumed to be abstractly correct (*Musgrove* v. *State,* 5 *Ga. App.* 467, 471, 63 S. E. 538), and when viewed in the connection in which it was used, is not subject to the criticisms urged against it. It is obvious that this language was confined to count one of the indictment dealing with the larceny of an automobile. It is also clear that this language contained no intimation of an opinion on the part of the court that the defendant had committed the larceny in question. The court had instructed the jury that intent is an essential ingredient of larceny and was enumerating the various ways in which intent might be evinced; and, if the jury found that Austin took and carried the car away without the consent of the owner, an act unlawful within itself, and that the defendant was a conspirator

of Austin in this taking and carrying away of the automobile without the consent of the owner, an act unlawful in itself, the jury would have been authorized to presume that both Austin and the defendant intended to steal the automobile, until the contrary was made to appear to the jury's satisfaction. *Darr v. State,* 44 *Ga. App.* 201 (160 S. E. 824) ; *Alexander v. State,* 66 *Ga. App.* 709 (19 S. E. 2d, 353). There is no merit in this ground of the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*