35784.   GUARANTY LIFE INSURANCE CO. *v.* BROWN.

DECIDED OCTOBER 27, 1955.

*Dykes, Dykes & Marshall, T. O. Marshall, Jr.,* for plaintiff in error.

*Claude N. Morris,* contra.

NICHOLS, J. The motion for new trial is based on the general grounds only. The defendant contends that the contracts of insurance were procured by fraud on the part of the plaintiff and the agent of the insurance company, and therefore the provision of Code § 4-310, "Where an agent shall conspire with the other party, his principal shall not be bound thereby, nor charged with knowledge of facts thus acquired by his agent," is controlling, and it contends that the evidence demands a finding that the policies were void. This argument is without merit because there was no evidence adduced on the trial of the case that the plaintiff conspired with or even talked to the agent of the insurance company with reference to obtaining the policies. There was evidence, however, that the agent of the insurance company did complete the applications for the policies in their entirety, without any aid or assistance or conversation with the plaintiff except to request that the plaintiff sign her name in the space marked "beneficiary." The evidence was uncontradicted that the defendant issued the insurance policies covering the life of the deceased, that the insured died while the policies were in effect and "paid up," and that the proper proofs of death, etc., were furnished. The defense set up by the defendant, that the plaintiff conspired with the agent of the insurance company to obtain the policies, was not supported by any evidence. See *Stillson* v. *Prudential Ins. Co.,* 202 *Ga.* 79 (42 S. E. 2d 121); *National Life & Accident Ins. Co.* v. *Sneed,* 40 *Ga. App.* 131 (2, 3) (149 S. E. 68); *Barber* v. *All American Assurance Co.,* 89 *Ga. App.* 270 (79 S. E. 2d 48).

The defendant argues that the penalty and attorney's fees should be written off since there was no evidence to show that the refusal of the insurance company to pay the claim was in bad faith or frivolous. It is usually a question for the jury to determine whether the insurance company, in refusing to pay, acted in bad faith and subjected itself to the penalty and attorney's fees provided for by Code § 56-706. See *Liberty Mutual Ins. Co.* v. *Atlantic Coast Line R. Co.,* 66 *Ga. App.* 826, 834 (19

S. E. 2d 377), and cases cited; *National Life & Accident Ins. Co.* v. *Moore*, 86 *Ga. App.* 618, 626 (72 S. E. 2d 141). In the case last cited the insurance company made inconsistent defenses to the action against it on an insurance policy. In the case at bar the insurance company filed a plea that the policy was obtained by fraud on the part of the *plaintiff*. There was no evidence introduced on the trial of the case to substantiate this, and therefore the jury was authorized to find for the plaintiff on the issue raised by the pleadings that the insurance company's failure to pay the loss was in "bad faith." Accordingly, there is no merit in the motion for new trial based on the general grounds only.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*