36978.   MILLERS NATIONAL INSURANCE COMPANY *v.* WATERS.

DECIDED JANUARY 20, 1958—
REHEARING DENIED FEBRUARY 3, 1958.

*Fred T. Lanier, Robert S. Lanier,* for plaintiff in error.
*Cohen Anderson,* contra.

GARDNER, Presiding Judge. ■ As to the general grounds, the evidence is somewhat conflicting. The jury were authorized to take the evidence as sustaining the verdict.

This court held in *Firemen's Ins. Co.* v. *Parmer*, 51 *Ga. App.* 916 (181 S. E. 880) as follows: "For the purpose of this decision it may be assumed that the insured actually represented to the insurer that the 'actual cost price' of the property insured was $290, and that in fact the 'actual cost price' was not in excess of $220. The insurance company contends that this was such a material misrepresentation as avoided the policy, and that therefore the verdict was contrary to law. . . Representations of actual cost price in a policy like the one in the present case must necessarily affect only the amount of insurance to be issued, that is, the limit of the insurer's liability; and where the policy is not a valued policy, *but the loss is to be determined by the actual value of the property at the time of the fire,* we can not see how the representation as to the actual cost price, if false, would be such a material misrepresentation as to affect the nature, character, or extent of the risk." (Italics ours.) In *Metropolitan Life Ins. Co.* v. *Cooper,* 54 *Ga. App.* 192, 196 (187 S. E. 167) this court said: "While there is evidence very strongly indicating that the misrepresentations made by the insured in the application were as to matters material to the risk, and therefore voided the policy, the evidence when taken in its entirety does not demand this inference as a matter of law. The materiality of such misrepresentations is a question of fact for a jury." In *Touchton* v. *Mock,* 91 *Ga. App.* 689, 691 (86 S. E. 2d 699) the same principle was expressed in this language: "Jurors are not absolutely bound to accept as correct the opinions or estimates of witnesses as to the value of property, *though uncontradicted by other testimony,* but have the right to consider the nature of the property involved, together with any other fact or circumstance properly within their knowledge, throwing light upon the question, and they may, by their verdict, fix either a lower or higher value upon the property than that stated in the opinions or estimates of the witnesses."

As to whether or not attorney's fees should be allowed, see *Guaranty Life Ins. Co.* v. *Brown,* 92 *Ga. App.* 847, 850 (90 S. E. 2d 97) wherein this court said: "The defendant argues that the penalty and attorney's fees should be written off since there was no evidence to show that the refusal of the insurance company to pay the claim was in bad faith or frivolous. It is usually a ques-

tion for the jury to determine whether the insurance company, in refusing to pay, acted in bad faith and subjected itself to the penalty and attorney's fees provided for by Code § 56-706. See *Liberty Mutual Ins. Co.* v. *Atlantic Coast Line R. Co.*, 66 *Ga. App.* 826, 834 (19 S. E. 2d 377), and cases cited; *National Life & Accident Ins. Co.* v. *Moore*, 86 *Ga. App.* 618, 626 (72 S. E. 2d 141). In the case last cited the insurance company made inconsistent defenses to the action against it on an insurance policy. In the case at bar the insurance company filed a plea that the policy was obtained by fraud on the part of the *plaintiff*. There was no evidence introduced on the trial of the case to substantiate this, and therefore the jury was authorized to find for the plaintiff on the issue raised by the pleadings that the insurance company's failure to pay the loss was in 'bad faith'. Accordingly, there is no merit in the motion for new trial based on the general grounds only." See also *Cimarron Ins. Co.* v. *Pace*, 212 *Ga.* 427, 430 (93 S. E. 2d 593) wherein the Supreme Court said: "Bad faith within the meaning of the statute is any frivolous or unfounded refusal in law or in fact to pay a loss according to the insurance contract after legal demand. *Metropolitan Life Ins. Co.* v. *Lovett*, 50 *Ga. App.* 763, 768 (179 S. E. 253). According to the allegations of the petition, the requirements imposed on the petitioners by Code § 56-706 were strictly complied with; and the allegations of the petition respecting the defendant company's bad faith in refusing to pay the insured's loss within sixty days after demand therefor were amply sufficient to carry the question of damages and attorneys' fees to the jury for determination. See *Rogers* v. *American Nat. Ins. Co.*, 145 *Ga.* 570 (3) (89 S. E. 700); *Metropolitan Life Ins. Co.* v. *Lathan*, 77 *Ga. App.* 6, 9 (47 S. E. 2d 596)."

Counsel for the defendant call our attention to the fact that the plaintiff went to the insurance agent and first asked that the property be covered for $7,500, whereupon the agent Sorrier refused to issue a policy for that amount, but did issue a policy for $5,000. There was evidence that portions of the house were over fifty years old. This does not necessarily lessen the value of the house. There is conflicting testimony as to the value of the house at the time of the fire, but the jury resolved this issue in favor of the plaintiff receiving the face value of the policy plus other benefits as described hereinabove. The facts in *Life &*

*Casualty Ins. Co. of Tenn.* v. *Freemon*, 80 *Ga. App.* 443 (56 S. E. 2d 303) are not applicable to the facts of the instant case. The contentions of the defendant as to the general grounds are without merit.

■ Special ground 1 contends that the defendant should have a new trial because one of the jurors was disqualified for the reason that he was related to a stockholder in the Sea Island Bank, Statesboro, Georgia, and because this fact was not known to counsel for the defendant at the time of the trial. This point was very ably discussed in *Evans* v. *Grier*, 29 *Ga. App.* 426 (115 S. E. 921). In headnote 3 of that case this court said: "Before the trial judge is authorized to grant a new trial on newly discovered evidence, it must appear that the movant or his counsel could not, by ordinary diligence before the trial, have discovered such evidence offered as newly discovered. Since a motion for a new trial upon the ground of newly discovered evidence, and the showing made in support of such motion, are addressed to the sound discretion of the trial judge . . . a bare recital in the affidavit of the movant or his counsel that the newly discovered evidence offered 'could not have been discovered by the exercise of ordinary care' is but a mere conclusion, without a disclosure of the facts upon which such conclusion is based, and the trial judge is not bound to conclude that the affiant had exercised the required diligence. *Taylor* v. *State*, 132 *Ga.* 235, 237 (63 S. E. 1116); *Patterson* v. *Collier*, 77 *Ga.* 292 (3 S. E. 119)." See also *Holder* v. *Farmers Exchange Bank of Stillmore*, 30 *Ga. App.* 400 (5) (118 S. E. 467) and *Jennings* v. *Autry*, 94 *Ga. App.* 344 (94 S. E. 2d 629). In *Bean* v. *Barron*, 176 *Ga.* 285 (1) (168 S. E. 259), the Supreme Court said: "When parties are furnished with a list of the jury, it is their duty, if they know that any of the jurors are disqualified, to call attention to the same, or the disqualification will be held to have been waived. If they have reasonable grounds to suspect that any of the jurors are disqualified, it is their duty to call attention to the fact, so that due inquiry may be made of the panel."

Courts do not favor the granting of new trials on the ground of newly discovered evidence. When the suit was filed the defendant was put on notice that part of the insurance policy was payable to the Sea Island Bank of Statesboro because of a loan.

The defendant had some time until the trial to get a list of the stockholders of the bank and to have the court purge the jury of the stockholders of the bank or any relatives of the stockholders. There was no objection to the juror in question at the time the juror was qualified or until the time of the verdict. It appears in the record that when the court inquired of the jurors with reference to the relationship of the stockholders of the bank, one juror was disqualified and relieved of duty, and by agreement of counsel, the case proceeded to trial with eleven jurors and it was not until after the verdict was rendered against the defendant that counsel for the defendant objected to one juror as being related to a stockholder. This objection should have been made beforehand or else such objection was waived. This ground is without merit.

■ Special ground 2 assigns error because the defendant, by special demurrer, moved to strike a certain paragraph numbered 9, marked Exhibit C, from the petition; that it was agreed that the demurrer was good and counsel for the plaintiff stated that he would strike this exhibit; that instead of removing the exhibit it was allowed to go out with the jury as part of the pleadings in the case, which was harmful to the defendant. The plaintiff struck paragraph 9 in its entirety and rewrote the paragraph. This was evidently agreeable to counsel for the defendant because there was no further complaint made concerning this paragraph. This contention is without merit.

■ Special ground 3 assigns error because it is contended that the court erred in making a statement in the presence of the jury while admitting in evidence a purported affidavit; that when the affidavit was offered in evidence by counsel for the plaintiff, counsel for the defendant objected to the introducing of such affidavit except for the purpose of admitting it to impeach the witness Roy Wilson. In admitting such affidavit, the trial judge used this language: "I will let it go in for the sole purpose of impeaching the witness, Roy Wilson, and for no other purpose." It is contended that the statement of the judge implied that the witness Wilson was impeached by the introduction of the affidavit; moreover, Mr. Lanier, counsel for the defendant, stated in this connection: "I have no objection to his introducing it for the purpose of undertaking to impeach a witness . . . Nevertheless, we

have no objections to it being introduced for whatever consideration the jury might give it." This ground is without merit.

The trial court did not commit reversible error in any of the rulings of which complaint is made by counsel for the defendant. *Judgment affirmed. Townsend and Carlisle, JJ., concur.*