## 44057.  SANCKEN ASSOCIATES, INC. v. STOKES et al.

BELL, Presiding Judge.  Plaintiffs brought this suit to recover for the defendant's breach of a covenant to repair contained in a lease agreement between defendant, as lessee, and plaintiffs' deceased predecessor in title, as lessor.  Trial of the case resulted in a verdict and judgment for plaintiffs and defendant took this appeal from the court's denial of its motion for new trial.

1. The first ground of the motion complains that the court erred in denying defendant's motion for a mistrial based upon a juror's disqualification for favor.  It appeared during the examination of the juror as a witness in the case that he had repaired the central air conditioning system after defendant's removal from the premises and had previously formed an opinion that defendant had left this equipment in a bad state of disrepair.  However, plaintiffs had furnished the witness' name in response to defendant's interrogatories demanding the names of witnesses who had "given any information or bids regarding the costs of repairing the alleged defects to the plaintiffs' property."  Under these circumstances it was not an abuse of the court's discretion to deny a mistrial.  When a party is furnished with a list of the jury and has reasonable grounds to suspect that one of the jurors is disqualified, the burden is on him to call attention to that fact and to make further investigation to determine the truth of the situation; failure to exercise due diligence waives the disqualification. See *Bean v. Barron*, 176 Ga. 285 (1) (168 SE 259); *Jennings*

*v. Autrey,* 94 Ga. App. 344 (7) (94 SE2d 629); *Millers Nat. Ins. Co. v. Waters,* 97 Ga. App. 103, 109 (102 SE2d 193); *Norman v. Norman,* 103 Ga. App. 626, 629 (120 SE2d 42); Cf., Code of 1933 § 59-705; *Code Ann.* § 59-705 (Ga. L. 1951, pp. 214, 215).

2. The second ground contends the court erred in expressing an opinion which had the effect of excluding certain evidence from the jury's consideration. As defendant failed to make any objection when the judge made the remarks or rulings in question, this ground will not be considered. *Palmer v. Stevens,* 115 Ga. App. 398 (5) (154 SE2d 803); *Norrell v. State,* 116 Ga. App. 479, 489 (157 SE2d 784). Section 46 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 655; *Code Ann.* § 81A-146 (a)) does not exempt a party from voicing some objection to remarks of this kind when the party has an opportunity to object.

3. The lease expressly provided that improvements placed on the premises by the lessee would inure to the lessor at the termination of the tenancy. The agreement contemplated that the lessor would have the benefit of those improvements as well as the covenant to repair. Thus the lessee was not entitled to set off the value of the improvements. Grounds 3 and 6 are without merit.

4. The fourth and seventh grounds complain of portions of the court's charge to which plaintiffs failed to object as required by Section 17 (a) of the Appellate Practice Act (Ga. L. 1965, pp. 18, 31, as amended; *Code Ann.* § 70-207 (a)). These grounds are without merit. *Ga. Power Co. v. Maddox,* 113 Ga. App. 642, 647 (149 SE2d 393).

5. The fifth ground of the motion for new trial contends that the court erred in excluding certain testimony which was plainly inadmissible under *Code* § 38-1603 (1).

*Judgment affirmed. Hall and Quillian, JJ., concur.*

SUBMITTED NOVEMBER 8, 1968—DECIDED MARCH 4, 1969.

*Beauchamp & Engram, John M. Beauchamp,* for appellant.

*D. C. Campbell, Jr., Burt & Burt, Donald D. Rentz,* for appellees.