## 54722. COLLINS v. THE STATE.

WEBB, Judge.

Eddie Collins was indicted and convicted of the crimes of kidnapping, for which he was sentenced twenty years, rape, for which his sentence was life, and armed robbery for which he received a life sentence, all sentences to run consecutively. The crimes occurred May 21, 1976, and ten days later the grand jury returned the three-count indictment. Eleven days thereafter, June 11, the trial court determined Collins to be indigent and appointed counsel. A Brady motion for an in camera inspection of the state's files was granted on or about June 15, and the trial was on June 23 and 24. Only 33 days from the date of the offenses transpired before trial, but it was not until April 27, 1977 that the motion for new trial was heard and overruled, presumably delayed for preparation of the transcript.

Collins' appeal, transferred to this court by order of the Supreme Court, charges (1) that the indictment, trial and conviction are null and void because both Negroes and

women were systematically excluded from the grand jury and the trial jury, contrary to the Federal and State Constitutions; (2) that the trial court erred in refusing to order the district attorney to insert his file into the record of this case on appeal; (3) that the trial judge erred in expressing his opinion as to guilt of the accused; and (4) the general grounds for a new trial. Both the accused and the victim are Negroes.[1]

1. Collins charges in his appeal that both Negroes and women were systematically excluded from the grand jury and the trial jury, contrary to the Federal and the State Constitutions, and that consequently the indictment, trial and conviction are null and void.

If the allegations are correct, and Negroes and women "were systematically excluded from his grand and petit juries, then he was indicted and convicted by tribunals that fail to satisfy the elementary requirements of due process, and neither the indictment nor the conviction can stand." Peters v. Kiff, 407 U. S. 493, 505 (92 SC 2163, 33 LE2d 83) (1972).

"[A] conviction cannot stand if it is based on an indictment of a grand jury or the verdict of a petit jury from which Negroes were excluded by reason of their race. Strauder v. West Virginia, 100 US 303, 25 L.ed 664 (1880); see also Pierre v. Louisana, 306 US 354, 83 L.ed 757, 59 SCt 536 (1939). There is no controversy as to the constitutional principle — the question involved is its application to the facts disclosed in this record." Whitus v. Georgia, 385 U. S. 545, 549 (87 SC 643, 17 LE2d 599) (1967).

The record reveals that appellant voiced his objection to the composition of the grand and petit juries for the first time in his motion for a new trial, filed five days before the

---

[1] Only where pertinent to a consideration of the merits of a case is the mention of race appropriate. A Negro must stand equal before the law as a person, not as a black. He is entitled to the equal protection of the laws, no less and no more. To predicate a judgment solely upon the color of an accused is to remove from justice the blindfold of impartiality.

hearing and some ten months after the trial. It has long been the requirement in this state that a criminal defendant must raise any challenge that he has to the jury lists at the time the jury is "put upon him" or else he waives his right to object. *Young v. State,* 232 Ga. 285, 286 (206 SE2d 439) (1974). "Objection to the composition of a grand jury must be raised, if at all, by challenge to the array duly presented before the indictment is returned or by a plea in abatement filed before arraignment. A like objection to the traverse jury 'put upon' the accused in a criminal case must be raised by challenge to the array at the earliest opportunity the defendant has to avail himself of that right.

"Ordinarily the issue as to whether a particular segment of citizens eligible for jury duty has been systematically excluded from the jury box of the county cannot be raised for the first time after the trial, verdict of guilty and imposition of sentence by motion for new trial." *Cobb v. State,* 218 Ga. 10, 21 (3) (126 SE2d 231) (1962); *Blevins v. State,* 220 Ga. 720, 724 (141 SE2d 426) (1965).

Here appellant had counsel at a preliminary hearing and prior to his indictment, according to his brief, and he had at trial eminently able counsel well aware of the foregoing authorities. We are bound by those decisions of the Supreme Court of this state and hold that the objection to the composition of the juries was not timely raised.

2. Collins' second alleged error is the refusal of the trial court to order the district attorney to insert his file into the record of this case on appeal. Prior to trial Collins moved, pursuant to Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), that the court make an in camera inspection of the district attorney's file and reveal to Collins all exculpatory, favorable or arguably favorable material. Collins says that presumably the trial court made such an inspection and found no arguably favorable information since none was furnished to him. He claims that at trial there was testimony that the file might well have contained "arguably favorable" information, and that the only meaningful way of obtaining review of the trial court's inspection is to have the district attorney's file inserted into the record.

Brady does not require the prosecution to open its

files for general inspection or for pre-trial discovery. There is no Georgia statute or rule of practice which requires discovery in criminal cases. *Pass v. State,* 227 Ga. 730, 737 (12) (182 SE2d 779) (1971). The trial court pursuant to defense motion held an in camera inspection of the district attorney's file, and there appears to have been a compliance with Brady. *Fleming v. State,* 236 Ga. 434, 438 (224 SE2d 15) (1976). "Even considering the concepts of a fair trial, appellant has not met his burden of showing how his case has been materially prejudiced by the lack of access to the prosecutor's file." *David v. State,* 137 Ga. App. 425, 426 (2) (224 SE2d 83) (1976); *Street v. State,* 237 Ga. 307, 316 (9) (227 SE2d 750) (1976); *Watts v. State,* 141 Ga. App. 127, 128 (2) (232 SE2d 590) (1977).

3. Collins next argues that the trial court erred by expressing its opinion as to the guilt of the accused.

The first witness was Deputy Snipes who testified about his initial interview with the victim, without identifying her, with particular reference to her apparent mental condition, and had started to testify as to remarks the victim had made. Defense counsel objected that such would be hearsay, and the district attorney contended that the statements were a portion of the res gestae and also explained the conduct of the officer. The trial court ruled, "I'll let it in to show that the witness, if it should be the case, made an immediate report on the rape and to explain the conduct of Deputy Snipes. Overruled."

"[W]hen an objection is made to evidence offered, the judge has a right, if he deems proper, to give his reasons for his decision on the objections; and such reasons so given, if pertinent to the objections made, do not constitute such an expression of opinion as to violate the code section above cited." (Now Code Ann. § 81-1104). *Reed v. State,* 163 Ga. 206, 213 (135 SE 748) (1926); *Jones v. Pope,* 7 Ga. App. 538, 540 (67 SE 280) (1910).

We do not consider the remarks of the trial judge to be an expression of opinion as to the guilt of the accused or in violation of Code Ann. § 81-1104.

"Where a remark is made by a trial judge in the presence of the jury in ruling upon the admissibility of testimony, which remark the defendant's attorney deems to be of such character as to prejudice the minds of the

jurors against his client, the attorney should move for a mistrial. The question of the propriety of such remark can not be raised for the first time in a motion for new trial." *Herndon v. State,* 178 Ga. 832, 833 (6) (174 SE 597) (1934) (cert. den. 295 U. S. 441). No motion for mistrial having been made when the judge made the remarks about which complaint is made, the enumeration must be rejected. *Norrell v. State,* 116 Ga. App. 479, 489 (6) (157 SE2d 784) (1967); *Sancken Associates v. Stokes,* 119 Ga. App. 282, 283 (2) (166 SE2d 924) (1969); *McCall v. State,* 23 Ga. App. 770 (2) (99 SE 471) (1919).

4. General grounds for a new trial are asserted as the fourth enumeration of error, and in support Collins' counsel have submitted an original pleading entitled "Writ of Habeas Corpus" transmitted to them by Collins. No argument or citation of authority is offered, and the enumeration may be considered abandoned under Rule 18 (c) (2) of this court (Code Ann. § 24-3618 (c, 2)). *Brooks v. State,* 141 Ga. App. 725, 730 (2) (234 SE2d 541) (1977).

The contention that the verdict is "decidedly and strongly against the weight of the evidence" is addressed to the trial court. Appellate courts consider only the sufficiency of the evidence, not the weight. The weight of the evidence was considered by the jury and the trial judge in his ruling on the general grounds. *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976); *Blackwell v. State,* 139 Ga. App. 477 (1) (228 SE2d 612) (1976). There was ample evidence to authorize the jury to find the accused guilty, and the evidence supports the verdict.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

SUBMITTED OCTOBER 6, 1977 — DECIDED OCTOBER 18, 1977.

*Rice & Lawrence, George D. Lawrence, Jr.,* for appellant.

*Joseph H. Briley, District Attorney, Sallie Rich Jocoy, Assistant District Attorney,* for appellee.