## 57252. BEDDINGTON v. THE STATE.

UNDERWOOD, Judge.

Defendant, Beddington, was convicted of rape and now appeals enumerating four alleged errors, none of which is meritorious, and we affirm.

1. Defendant's first contention is that the trial court erred in allowing a witness, Captain C. L. Hall, to testify before the jury as to an oral confession of defendant because, according to defendant, the evidence showed that the waiver of his right to remain silent and his right to have a lawyer present during his interrogation was obtained by duress or coercion. We find nothing in the record to support this contention. On the contrary, the evidence established that defendant was advised of his rights on three different occasions; that no threats or promises of any benefit were made; that there was not the remotest fear of injury; and that after stating he understood his rights, he said that he did not need a lawyer and answered questions voluntarily. This testimony was presented in a Jackson v. Denno hearing outside the presence of a jury, and a prima facie showing of

voluntariness was established. The evidence was unrebutted, and the confession was admissible. *Moore v. State,* 221 Ga. 636 (146 SE2d 895) (1966).

2. The second contention is that the court erred in examining Captain Hall in the presence of the jury concerning his advice to defendant of his constitutional rights, and thereafter overruling his objection to the admission of his oral confession, thereby indicating to the jury the court's opinion as to such testimony. We do not consider the questions of the trial judge to be an expression of opinion as to the voluntariness of the oral confession, in violation of Code Ann. § 81-1104. "Where a remark is made by a trial judge in the presence of the jury in ruling upon the admissibility of testimony, which remark the defendant's attorney deems to be of such character as to prejudice the minds of the jurors against his client, the attorney should move for a mistrial. The question of the propriety of such remark can not be raised for the first time in a motion for new trial." *Herndon v. State,* 178 Ga. 832, 833 (6) (174 SE 597) (1934) (cert. den. 295 U. S. 441). No motion for mistrial having been made when the judge asked the questions about which complaint is made, the enumeration must be rejected. *Collins v. State,* 143 Ga. App. 583, 586, 587 (3) (239 SE2d 232) (1977).

3. The third contention is that the trial court erred in overruling defendant's motion for a directed verdict of not guilty at the close of the evidence, because the evidence failed to corroborate the testimony of the female victim. There is no merit in this contention.

4. The fourth contention of defendant is that the trial court erred in overruling appellant's motion for a new trial, based on the first three enumerations of error. As we find no error in the first three enumerations, it follows that the trial court did not err in overruling appellant's motion for a new trial.

*Judgment affirmed. Webb, P.J. and Banke, J., concur.*

SUBMITTED FEBRUARY 5, 1979 — DECIDED MARCH 16, 1979.

*Handley & Handley, Howard Handley,* for

appellant.

Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys, for appellee.