#### 59375. FARLEY v. THE STATE.

SMITH, Judge.

Appellant brings this appeal from his conviction of armed robbery and subsequent sentence of life imprisonment. We affirm.

1. Appellant contends his conviction must be reversed because the grand jury and trial jury were "improperly constituted." Appellant first raised these contentions in an amendment to his motion for new trial, filed over three months after verdict and sentence. "The procedure in this state has long required a criminal defendant to raise a challenge to the jury lists at the time the jury is 'put upon him' or else he waives his right to object." *Young v. State,* 232 Ga. 285, 286 (206 SE2d 439) (1974); *Goodwin v. Hopper,* 243 Ga. 193, 196 (253 SE2d 156) (1979). "We are bound by [the] decisions of the Supreme Court of this state and hold that the objection to the composition of the juries was not timely raised." *Collins v. State,* 143 Ga. App. 583, 585 (239 SE2d 232) (1977).

2. Appellant further asserts that "[t]he Court erred by admitting into evidence testimony objected to as heresay [sic] in that the State never made an adequate showing of a conspiracy." The testimony in question dealt with statements allegedly made by other perpetrators of the crime which implicated appellant as a co-conspirator. The trial court allowed the testimony to be intro-duced, over appellant's objections, under the "declarations by conspirators" exception to the hearsay rule. See § 38-306.

We find no merit in appellant's argument that the State failed to adequately demonstrate the existence of a conspiracy so as to bring

the subject testimony within the scope of Code § 38-306. The transcript of this case contains adequate testimonial evidence tending to establish the existence of a continuing conspiracy to rob the victim and conceal the crime. As a result, the trial court did not err in ruling the subject testimony admissible under Code § 38-306. See *Moore v. State,* 240 Ga. 807, 818 (243 SE2d 1) (1978).

3. In his sixth enumeration of error, appellant contends that the trial court erred in denying his motion for mistrial based upon the introduction into evidence of State's Exhibit No. 10, a large stick. Appellant argues that "the principal purpose of the exhibit was to arouse prejudicial emotions, and as such should have been excluded, or a mistrial granted after the admission."

We reject this analysis. The medical examiner testifying for the prosecution stated that in his opinion the stick could have inflicted the particular wound which caused the victim's death. In addition, an agent of the Georgia Bureau of Investigation testified that State's Exhibit No. 10 appeared to be the same stick which he found lying approximately thirty feet from the victim's body on the day the body was discovered. The testimony of these two witnesses established the probative value of the stick as physical evidence in this case. We conclude that the trial court did not err in allowing the stick to be introduced into evidence and in denying appellant's subsequent motion for mistrial. See *Dix v. State,* 238 Ga. 209(3) (232 SE2d 47) (1977); *Weaver v. State,* 199 Ga. 267(3) (34 SE2d 163) (1945).

4. The remaining enumerations of error are without merit.
*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED FEBRUARY 4, 1980 — DECIDED JULY 7, 1980.

*James L. Cline, Jr.,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.