MARY J. KING *et al.*, plaintiffs in error, *vs.* JOSHUA KING *et al.*, defendants in error.

1. There being no error of law committed, the finding of the jury on the facts will not be interfered with.
2. The affidavits of jurors are not admissible to impeach their verdict.
3. The verdict being manifestly against the charge of the Court as to the liability of one of the defendants, a new trial was properly granted as to him.
4. As special verdicts may be found upon the trial of equity causes, there was no error in overruling the motion for a new trial as to some of the defendants, and granting it as to others.

Jurors. Verdict. New trial. Equity. Practice in the Superior Court. Before Judge McCUTCHEN. Floyd Superior Court. July Adjourned Term, 1872.

This is the third time this case has been before this Court. It will be found fully reported in 37 *Georgia Reports*, 205, and in 45 *Ibid.*, 644. The only facts necessary to an elucidation of the issues here presented, beyond those contained in the decision, are as follows:

The fourth ground of the motion for a new trial was because the verdict was not unanimous, three of the jurors never having assented to the same. In support thereof were attached the affidavits of two of the jurors to the effect that they never had agreed to the verdict; that they and another juror having had no supper, and having become exhausted, consented that the papers might be delivered to the sheriff with the verdict thereon, but expressly reserved to themselves the right, if called on by the Court, to dissent from said finding; that said papers were handed to the sheriff about the break of day on Sunday morning.

By consent of counsel, the jury were permitted to return their verdict to the sheriff.

E. N. BROYLES; A. R. WRIGHT, for plaintiffs in error.

PRINTUP & FOUCHE; UNDERWOOD & ROWELL, for defendants.

WARNER, Chief Justice.

This was a motion for a new trial in an equity cause, instituted by the complainants against three defendants to recover certain trust funds alleged to be due by the defendants, or some one of them, to the complainants. On the trial, the jury found a verdict in favor of all the defendants. A motion was made for a new trial, on the several grounds stated therein, which was overruled as to two of the defendants, King and Franklin, and a new trial granted as to the defendant, Hargroves, administrator of Gartrell, to which ruling of the Court the complainants excepted.

1. We find no error in the charge of the Court to the jury, in view of the evidence in the record, and as the jury found

in favor of King and Franklin, on the facts submitted to them by the Court, we will not disturb the verdict as to them.

2. The affidavits of the jurors were not admissible to impeach their verdict.

3. There was no error in granting the new trial as to Hargroves, administrator of Gartrell, as the verdict was manifestly against the charge of the Court as to his liability for the trust funds in his hands.

4. As special verdicts may be found by the jury on the trial of equity causes, there was no error in overruling the motion for a new trial as to the defendants King and Franklin, and granting the same as to the other defendant, on the facts of this case as disclosed in the record.

Let the judgment of the Court below be affirmed.