## WILLINGHAM *vs* FIELD.

[JACKSON, J., was providentially prevented from presiding in this case.]

Defendant in *fi. fa.* was the owner of a large estate, but was much involved. His two largest creditors, one of them by mortgage, agreed to bid in his property at marshall's sale, manage and sell it, settle his debts and pay over any surplus to him. He filed his bill against them alleging that all of this had been accomplished, and praying an account, etc. The litigation thus inaugurated resulted in a verdict for the complainant against one of the defendants for $6,951.76, that he settle with the other defendant out of land notes if not already paid, and that certain debts, including the mortgages held by the other defendant be satisfied so far as complainant (the defendant in *fi. fa.*,) was concerned. It was decreed accordingly. The defendant against whom the money verdict was found moved for a new trial, and his motion was sustained. The other defendant neither joined in the motion nor has made any of his own, though the decree was rendered in 1873 :

*Held*, that the decree was several, the one defendant not being affected by the money verdict against the other, and the latter not being injured by the satisfaction of the mortgages held by the former. Therefore the decree is still of force as against the defendant not moving for a new trial, and his mortgages cannot claim the proceeds of the property formerly covered thereby as against a junior judgment.

Judgment.   Decree.   New trial.   Parties.   Before Judge McCUTCHEN.   Gordon Superior Court.   February Term, 1880.

Reported in the opinion.

W. K. MOORE; I. E. SHUMATE; W. J. CANTRELL, for plaintiff in error.

D. A. WALKER; ABDA JOHNSON; A. T. AKERMAN, for defendant.

HAWKINS, Justice.

This was a money rule to distribute $17,000.00, in the hands of the sheriff, arising from the sale of the property of J. M. Fields.   Elias E. Field claimed the same by virtue of two unforeclosed mortgages upon the property sold by the sheriff, and Willingham claimed the same on a junior *fi. fa. vs.* J. M. Field, to the amount necessary to satisfy his judgment.   Upon an issue on said mortgages, the jury decided in favor of Willingham, and the court, on the motion of the mortgagee, granted a new trial, and Willingham excepts and says the court erred in granting the new trial; also, that the verdict of the jury was according to law and evidence, and should not be disturbed.

It seems that the identical lands covered by the mortgages which raised the money, were sold by a *fi. fa.* against J. M. Field, not subject to the mortgages, and that the mortgages had been the subject of litigation between J. M. Field and Lewis Tumlin and E. Field in Bartow superior court.   Willingham contended before the court and jury that the mortgages could not claim the money for two reasons.   1. The same were still unforeclosed and the land was sold not affecting their lien, and, 2d., the mortgages were paid off, satisfied and discharged by a decree in Bartow superior court, and therefore could not claim the funds in preference to the Willingham *fi. fa.*

If the plaintiff is right in these or either of the propo-
sitions, then the verdict of the jury ought to stand, for
this is the controlling question in the case in the view we
take of it.

It appears that J. M. Field was the owner of a large
estate, and was much involved in debt, and that
Lewis. Tumlin was his security for a large amount, and
that Field was otherwise indebted to Tumlin. He was
also indebted to his brother, E. Field, and as trustee, the
amount of the two mortgages mentioned.

In this state oi affairs, Tumlin and E. Field, the cred-
itors, J. M. Field, the debtor, agreed that Tumlin and E.
Field should buy in the property about to be sold at mar-
shal's sale, pay the *fi. fa.*, hold and use the property or
sell the same, pay all the claims, and then turn over to J.
M. Field the balance, if any, and also a policy of insur-
ance.

Tumlin and Field did buy the property, take charge
of the same, of great value, sold the land, collected the
insurance money and had in their possession, mostly in the
possession of Tumlin, this large amount, when J. M. Field
filed his bill for account and settlement of this trust,
alleging many things, and among them, that the said
trustees had secured this large estate and money enough
to pay all the debts, claims, mortgages, and still had a
large amount belonging to him, and prayed a decree of
account.

The judge and the court on the trial of the case ren-
dered the following verdict and decree:

"J. M. Field,
    *vs.*                } September Term, 1873.   In Equity.
Lewis Tumlin and E. Field.

"We the jury find for the plaintiff $6,951.67 against Lewis Tumlin,
said Tumlin settling with E. E. Field out of the land notes, if not al-
ready paid, and also declare the Summerlin *fi. fa.*, Field mortgage
debts, and Solomon debt settled as far as J. M. Field is concerned."

Upon which was entered the following decree, stating
the case:

"Wherefore it is considered and decreed by the court that the complainant, J. M. Field, recover of the defendant, Lewis Tumlin, the sum of $6,951.76, for which execution may issue, and that the execution in favor of Harrison Summerlin, assigned to Wm. Solomon, and by him to Lewis Tumlin and now controlled by him, be satisfied so far as J. M. Field is concerned, and that the *fi. fa.* of Harrison Summerlin against J. M. Field, assigned to Lewis Tumlin and Elias Field, be satisfied so far as J. M. is concerned, and the mortgage given to E. Field by J. M. Field, and the mortgage given by J. M. Field to Caroline E. Field, guardian, and controlled by E. Field, together with the several notes for which said two mortgages were given, be satisfied so far as J. M. Field is concerned, and that defendant, Lewis Tumlin, pay the cost of this case."

Lewis Tumlin made a motion for a new trial, which motion recites that the same was made on motion of counsel for Lewis Tumlin, and which motion was granted by the court and a new trial ordered. What effect did the grant of a new trial have on the decree as to the co-defendant Field, must depend upon the question whether the decree was several or joint, whether the new trial could be, as to Tumlin, and not affect the declared equity as to Field, his co-defendant. Field was satisfied with the decree. He neither joined Tumlin in his application for a new trial nor made one of his own; though rendered in 1873, he has remained inactive and quiescent ever since —both as to the decree and the enforcement of his mortgage liens, for they still remain unforeclosed. The bill required an account against both defendants as trustees, and the jury in their finding fixed the respective liabilities, finding a money decree for over $6,000.00 in the hands of Tumlin, and that the debts mentioned should be satisfied, the two mortgages being owned by E. Field, and fixed the costs by final decree against Tumlin. This is equitable and proper. Each party being liable for his own management of a trust fund, and not for the misuser by a co-trustee. The decree was a several one—E. Field not being affected by the money verdict against Tumlin, nor Tumlin injured by the satisfaction of the mort-

gages held by E. Field. The new trial, therefore, did not affect the decree as to Field. By that decree these mortgages were satisfied, and could not participate in the fund raised by the sale of J. M. Field's property, upon which Willingham had a valid judgment lien. Field had his day in court upon that issue, and having abided the adjudication there made, he is now concluded in this motion to assert the contrary.

It is well settled that where several are sued at law or in equity and a several decree or verdict is had, a new trial as to one will not disturb the other. 59 *Ga.*, 654; 49 *Ga.*, 622; Randolph, Va., vol. 1, p. 421; 2 Bibb, 441; 6 Paige, 273; 7 *Ib.*, 221; 11 Wend., 227; Daniel Ch. Prac., §§1604, 1628.

Judgment reversed.