## BEAN et al. v. BARRON.

BELL, J. 1. "When parties are furnished with a list of the jury, it is their duty, if they know that any of the jurors are disqualified, to call attention to the same, or the disqualification will be held to have been waived. If they have reasonable grounds to suspect that any of the jurors are disqualified, it is their duty to call attention to the fact, so that due inquiry may be made of the panel." *Moore* v. *Farmers Mutual Ins. Asso.*, 107 *Ga.* 199 (2), 209 (33 S. E. 65).

2. " 'The law imputes to the principal, and charges him with, all notice or knowledge relating to the subject-matter of the agency which the agent acquires or obtains while acting as such agent and within the scope of his authority, or which he may previously have acquired, and which he then had in mind, or which he had acquired so recently as to reasonably warrant the assumption that he still retained it; provided, however, that such notice or knowledge will not be imputed: 1. Where it is such as it is the agent's duty not to disclose, and, 2. Where the agent's relations to the subject-matter, or his previous conduct, render it uncertain that he will not disclose it, and, 3. Where the person claiming the benefit of the notice, or those whom he represents, colluded with the agent to cheat or defraud the principal.' " *German American Life Asso.*

v. *Farley*, 102 *Ga.* 720, 738 (29 S. E. 615). This rule is applicable to the relation of attorney and client. *Faircloth* v. *Taylor*, 147 *Ga.* 787 (4) (95 S. E. 689) ; 6 C. J. 640.

3. In the motion for a new trial filed by the defendant in this case it appeared that two of the jurors who participated in the verdict for the plaintiff were disqualified by relationship to the plaintiff's attorneys, who were employed on the basis of a contingent fee; but in view of the affidavits submitted by the plaintiff in rebuttal of the grounds based upon such relationship, it was a question of fact to be determined by the trial judge as to whether the attorneys for the defendant had knowledge of such relationship, and also as to whether such knowledge, though previously and independently acquired, was still in the minds of the defendant's attorneys at the time of the trial, so as to be imputed to the defendant at the time of selecting the jury or before the verdict was returned. Under the evidence adduced, the trial judge did not err in refusing to grant a new trial upon the grounds relating to the disqualification of the jurors. See, in this connection, *Brown* v. *Oatlis*, 55 *Ga.* 416.

4. The evidence introduced at the hearing of the motion for a new trial having involved the issues of fact referred to in the preceding paragraph, it must be presumed that these issues were passed upon and decided by the trial judge, unless the language of the order demands a contrary conclusion. While the order overruling the motion for a new trial in this case was somewhat uncertain and ambiguous as to whether the trial judge passed upon these issues, it does not conclusively appear that he failed to perform the duty devolving upon him in this respect. Accordingly, the trial judge is presumed to have made findings upon the issues which were necessarily involved; and there being some evidence to authorize the conclusions indicated, this court is without right or authority to interfere. *Macon, Dublin & Savannah R. Co.* v. *Anchors*, 140 *Ga.* 531 (79 S. E. 153) ; *Martin* v. *Bank of Leesburg*, 137 *Ga.* 285 (8), 290 (73 S. E. 387) ; *Seaboard Air-Line Ry. Co.* v. *Benton*, 43 *Ga. App.* 495, 505 (159 S. E. 717).

5. The instruction complained of in the third special ground of the motion for a new trial was not erroneous as containing an incorrect statement of the contentions of the defendant. On the other hand, the defendant in his answer made substantially the same contention which the court thus submitted in charge.

6. In the fourth and last special ground of the motion error was assigned upon an instruction to the effect that if a certain compromise agreement was made between the plaintiff and the defendant as alleged by the plaintiff, such agreement would be enforceable in law, and the plaintiff would be entitled to recover. The movant alleged that this charge "was error because the alleged contract of settlement, as appears by the evidence, was a parol contract and did not comply with the statute of frauds, in that there was no written contract of settlement, nor was there anything done by either party which would amount to part performance such as would take the agreement . . . out of the statute of frauds." It affirmatively appeared from the petition that the agreement was not

in writing, and the record shows that the allegations in relation thereto were attacked by a demurrer specifically invoking the statute of frauds; also that the demurrer was overruled, and that no exception was taken to that judgment. *Held*, that the judgment on the demurrer, being unreversed and unexcepted to, amounted to an adjudication that the statute of frauds was not applicable, and under the "law of the case" as thus fixed the court did not err in overruling the ground of the motion which sought again to invoke the statute. *Hawkins* v. *Studdard*, 132 *Ga.* 265 (2) (63 S. E. 852, 131 Am. St. R. 190); *Lee* v. *Jones*, 161 *Ga.* 829 (4) (132 S. E. 79).

7. The evidence authorized the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 8949. JANUARY 13, 1933.
ADHERED TO ON REHEARING MARCH 4, 1933.

*N. J. Smith, Roy V. Harris,* and *G. M. Nottingham,* for plaintiffs in error.

*R. G. Price, Phillips & Abbot, George C. Evans,* and *M. C. Barwick,* contra.