23431. BRISSETTE v. MUNDAY et al.

ARGUED MAY 11, 1966—DECIDED MAY 26, 1966.

*Bryan, Carter, Ansley & Smith, M. D. McLendon,* for appellant.

*Glenn Frick, N. Forrest Montet, Henry L. Bowden, Hamilton Lokey,* for appellees.

COOK, Justice. Application for certiorari was filed by John L. Brissette seeking a review of the decision of the Court of Appeals in *Munday v. Brissette,* 113 Ga. App. 147 (148 SE2d 55). This court granted the writ to consider the assignment of error asserting that the Court of Appeals erred in entering a judgment, not only granting a new trial to the appellant, but also granting a new trial as to the applicant in certiorari, John L. Brissette, a co-defendant of the appellant in the lower court.

Suzanne E. Brissette brought an action for tort against B. C. Munday, Jr., and John L. Brissette, alleging that the defendants

were jointly and severally liable for injuries she received in an automobile collision. The jury returned a verdict against Munday only, in the amount of $15,000. Judgment was entered on the verdict on October 5, 1964, and on October 16, 1964, Munday filed a motion for new trial on the general grounds. On October 16, 1964, the plaintiff, Suzanne E. Brissette, filed a motion for new trial against both defendants, or, in the alternative, as to John L. Brissette only. On April 16, 1965, Munday offered an amendment to his motion for new trial, seeking to name his co-defendant, John L. Brissette, as respondent. On April 22, 1965, the trial judge entered an order making John L. Brissette a party to the motion for new trial filed by Munday. On July 30, 1965, the trial judge entered an order denying the motion for new trial of Munday, and deferring any ruling on the motion for new trial of Suzanne E. Brissette until Munday had an opportunity to appeal the judgment denying him a new trial.

Munday filed an appeal to the Court of Appeals, and that court reversed the ruling of the trial judge denying the motion for new trial of Munday. In the concluding sentence of the opinion of the Court of Appeals it is held: "A new trial should have been granted as to both defendants." *Munday v. Brissette,* 113 Ga. App. 147, supra.

"It is well settled that where several are sued at law or in equity and a several decree or verdict is had, a new trial as to one will not disturb the other." *Willingham v. Field,* 65 Ga. 440, 444.

The present case was not predicated on the joint act of two defendants, such as that dealt with in *McCalla v. Shaw,* 72 Ga. 458. The plaintiff has a motion for new trial pending against both defendants, or, in the alternative, as to John L. Brissette only. However, she has the right at any time to abandon her motion for new trial against John L. Brissette. *Western Union Telegraph Co. v. Griffith,* 111 Ga. 551, 559 (36 SE 859).

In *Collier v. Hyatt,* 110 Ga. 317 (35 SE 271), it was held: "One of several defendants in an action of tort has no right of exception to a judgment sustaining a demurrer filed by his co-defendants to the plaintiff's petition." Although Munday sought to amend his motion for new trial to name his co-defendant, John

L. Brissette, as a respondent, and the trial judge allowed this amendment, Munday had no right to object to the verdict of the jury discharging his co-defendant, and the Court of Appeals erred in granting a new trial as to the co-defendant of the appellant.

*Judgment reversed. All the Justices concur.*