## 46075.   BECKANSTIN v. PUBLIC SAVINGS LIFE INSURANCE COMPANY OF CHARLESTON.

DEEN, Judge. Beckanstin leased a building to Public Savings Life Ins. Co., the agreement providing in part that "lessee agrees not to sublet, transfer or assign said premises or any part thereof or transfer or assign this lease without the written consent of lessor." Beckanstin contends the lessee breached this provision by assigning or subletting a part of the premises to its wholly owned subsidiary, Public Savings Fire and Casualty Insurance Company. The affidavits elicited by the motions for summary judgment of the parties establish (1) that the fire company was organized in 1961 prior to this lease because life insurance companies in South Carolina cannot issue fire and casualty policies; (2) affiant is the vice president and secretary of both companies; (3) the subsidiary employs no personnel, but has a service contract with the defendant under which the defendant, its agents and employees, conduct the sales and business transactions of the subsidiary, and (4) the employees of the defendant conduct life insurance business directly for that company and conduct fire and casualty business for the subsidiary on the leased premises under the agency service contract between the two companies by the terms of which the defendant is paid a service fee from the subsidiary.

From this it follows that the entire building is occupied by employees of the defendant and that these employees handle the primary business of the defendant and also, as service agents, the business of the subsidiary, for which the defendant receives a fee. The two corporations are of course distinct legal entities. *Exchange Bank of Macon v. Macon Constr. Co.,* 97 Ga. 1 (25 SE 326, 33 LRA 800); *Hollingsworth v. Ga. Fruit Growers,* 185 Ga. 873, 875 (196 SE 766); *Condenser Serv. & Eng. Co. v. Brunswick Port Authority,* 87 Ga. App. 469, 474 (74 SE2d 398). However, the arrangement between them does not result in a subletting or assignment of any particular part of the leased premises, for in such a case the sublessee or assignee obtains a right to possess and enjoy the real estate as against the assignor or sublessor. *Ga. Power Co. v. Fletcher,* 113 Ga. App. 559,

565 (148 SE2d 915). Here the usufruct remained in the defendant lessee although to some extent it was for the benefit of the subsidiary corporation. Other jurisdictions, construing the covenants against assignment and subletting strictly against the lessor, have been even more liberal in holding that a merely permissive use of a part of premises is a license only. Prusa v. Cooper, 205 Okla. 423 (238 P2d 342); 51C CJS 78 et seq., Landlord & Tenant, § 33 (b); 342, § 105.

The evidence here fails to show that the defendant in performing the business of the subsidiary corporation effected an assignment of the lease or a subletting of any part of the premises.

The trial court did not err in granting the defendant's motion for summary judgment and denying that of the plaintiff.

*Judgment affirmed. Bell, C. J., and Pannell, J., concur.*
SUBMITTED MARCH 1, 1971—DECIDED APRIL 7, 1971.

*Smith, Gardner, Wiggins, Geer & Brimberry, M. M. Wiggins, Jr., Oscar T. Cook, Jr.,* for appellant.

*Perry, Walters, Langstaff, Lippitt & Campbell, R. Edgar Campbell,* for appellee.