70952. SMIWAY, INC. v. DEPARTMENT OF TRANSPORTATION.
71180. DEPARTMENT OF TRANSPORTATION v. SCHIFFER et al.
(343 SE2d 497)

CARLEY, Judge.

The Department of Transportation (DOT) brought this action to condemn 0.280 acres of land and a building owned by Mrs. Schiffer and leased to Smiway, Inc. (Smiway). Judgment was entered on a jury verdict which awarded $53,000 to Mrs. Schiffer and nothing to Smiway. After Smiway's motion for new trial was denied, Mrs. Schiffer filed a motion for writ of execution. The trial court granted the motion and ordered that fi. fa. issue. In Case Number 70952, Smiway appeals from the judgment entered on the jury verdict. In Case Number 71180, DOT appeals from the grant of Mrs. Schiffer's motion for writ of execution on her judgment. The two appeals are companion cases and will be treated in this single opinion.

*Case Number 70952*

1. Smiway enumerates as error the denial of its motion for new trial based on the general grounds. The jury could have found that the lease was favorable to the owner, Mrs. Schiffer, and thus was

worth nothing to the lessee, Smiway. Accordingly, we find no error as to the general grounds. See *Daniels v. Hartley,* 120 Ga. App. 294 (170 SE2d 315) (1969).

2. Smiway contends that it was error for the trial court to allow DOT's expert appraiser to testify as to what a contractor had told him the repairs to the building would cost. The appraiser testified that, in reaching his own estimate of the value of the property, he had determined the value of the building in its original condition and then reduced that figure by the repair cost estimate of the contractor. The contractor did not testify. The admission of the appraiser's testimony concerning the contractor's estimate was not error. An expert is entitled to testify to the facts upon which he bases his opinion of value. *State Hwy. Dept. v. Howard,* 119 Ga. App. 298, 303 (6) (167 SE2d 177) (1969). Such testimony is admissible, not as direct proof of value, but to show the basis of the expert's opinion of value. *White v. Ga. Power Co.,* 237 Ga. 341, 345 (3) (227 SE2d 385) (1976), overruled on other grounds, *DeKalb County v. Trustees, Decatur Lodge,* 242 Ga. 707 (251 SE2d 243) (1978).

3. DOT originally presented evidence that, at the time of the actual taking, the building was in a state of complete disrepair and was unoccupied. Smiway subsequently attempted to show that it had not voluntarily abandoned its underlying leasehold interest in the property prior to the actual taking. According to Smiway's proffer, several months before the taking, it had vacated the premises but only because DOT had indicated that the condemnation of the property would be accomplished very soon. The trial court sustained DOT's objections that such evidence was irrelevant, which rulings Smiway enumerates as error.

We note at the outset that the case was tried pursuant to the insistence of counsel for DOT that the *only* relevant issue in the case was the fair market value of the condemned property on the date of the taking. However, under the circumstances, this was not entirely true. Smiway and the lessor were apparently asserting "competing claims" upon the amount to be awarded, Mrs. Schiffer seeking it all and Smiway seeking a portion of the compensation as the lessee of the premises. "The general rule followed by most jurisdictions is to require only one condemnation action, join all parties whose presence is necessary to condemn all interests, and to instruct the jury first to determine the value of the whole, and then *secondarily determine the amounts to be awarded to the separate interests.* [Cits.] Our Supreme Court has authorized such a procedure." (Emphasis supplied.) *Dept. of Transp. v. McLaughlin,* 163 Ga. App. 1, 3 (292 SE2d 435) (1982). See *Dept. of Transp. v. Olshan,* 237 Ga. 213, 216-217 (227 SE2d 349) (1976). Thus, Smiway would be entitled to show that, even though it was not in actual possession of the premises at the time of

taking, it had not abandoned the leasehold itself back to the lessor and, as the holder of a separate interest, was entitled to at least some of the compensation to be awarded for the taking of the property. See generally *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 543 (2) (309 SE2d 816) (1983). See also *Stephens v. Dept. of Transp.*, 170 Ga. App. 784, 789 (318 SE2d 167) (1984).

The question of whether Smiway had, prior to the taking, voluntarily abandoned the leasehold without regard to the condemnation or had instead only vacated the premises because of the impending condemnation, initially arose during the cross-examination of one of DOT's witnesses. As noted, DOT's relevancy objection was sustained. Although *Housing Auth. of Decatur v. Schroeder*, 222 Ga. 417 (151 SE2d 226) (1966) would proscribe this line of questioning for purposes of showing a "date of taking" other than the date of the filing of the declaration of taking, it was relevant for the limited purpose discussed above. However, it also appears that the witness did state that he was not involved in the process of negotiating the vacation of the instant premises. Accordingly, this witness could not have testified from personal knowledge as to whether or not Smiway had independently abandoned its leasehold interest premises back to the lessor or had merely vacated the premises in anticipation of the impending condemnation. We thus find no reversible error in sustaining the relevancy objection to the questions propounded to this witness. " 'It is the rule in this state that, whether the objections urged to the admission of evidence be valid or invalid, a judgment excluding it will be affirmed if it was inadmissible for any reason.' [Cits.]" *Mabry v. Henley*, 123 Ga. App. 561, 564 (1) (a) (181 SE2d 884) (1971).

However, an officer of Smiway was subsequently asked why the premises had been vacated. The sustaining of the objection to this witness' testimony was erroneous. Smiway should have been allowed to introduce evidence that "the catalyst of the [move] was undoubtedly the impending condemnation proceedings" and that the move was not an abandonment of the leasehold interest in the property. See *Dept. of Transp. v. 2.734 Acres of Land*, supra at 543 (2). The failure to allow this testimony undoubtedly prejudiced Smiway *as against Mrs. Schiffer's claim*. Compare *Housing Auth. v. Schroeder*, supra.

4. Smiway enumerates as error the refusal of the trial court to allow one of its witnesses to testify regarding the contents of an addendum to the lease. The addendum itself was later admitted into evidence. Error, if any, in the exclusion of the oral testimony was therefore harmless. See *Dept. of Transp. v. Lowery*, 163 Ga. App. 114, 118 (4) (291 SE2d 573) (1982).

5. Smiway contends that it was error for the trial court to strike its appraiser's testimony as to the value of its business. This testi-

mony was stricken on the basis that uniqueness had not been established. The record shows, however, that the appraiser had previously testified that the site was unique in that the lot was unusually large and well-shaped for a convenience store business such as Smiway's, and because its location, at the intersection of Interstate 285 and the Old Dixie Highway, was close to factories. One of Smiway's officers had also previously testified that the site was unique and that no comparable relocation site for the store could be found.

" '[B]usiness losses are recoverable as a separate item only if the property is "unique." [Cits.]' [Cit.] 'Whether the property is unique is a jury question. [Cit.]' [Cit.] 'The evidence to authorize a jury instruction need not be substantial or direct; it is enough if there is even *slight* evidence consisting of inferences drawn from the testimony. [Cits.]' [Cit.] Since only slight evidence is necessary to authorize a jury charge on the uniqueness of a business and the subsequent recovery of its losses, it would be gross error to . . . prevent any attempt to present such evidence to the jury." (Emphasis in original.) *Dept. of Transp. v. 2.734 Acres of Land,* supra at 542. The instant case is indistinguishable from *Dept. of Transp. v. 2.734 Acres of Land,* supra. In that case, there were two leasehold interests in a building on the condemned site which possessed high visibility and exposure from an interstate highway, easy access to interstate highways, and favorable traffic conditions. This evidence, coupled with evidence of the proximity of the related businesses, was held sufficient to raise a jury question as to the issue of uniqueness. Accordingly, it was error for the trial court in the instant case to strike the testimony as to the value of Smiway's business.

6. Smiway's final enumeration of error is that the jury charge was confusing and misleading, was not adjusted to the evidence, and instructed the jury on an improper theory of the case. This enumeration apparently relates to those portions of the trial court's instructions which implied that it was for the jury to determine whether Smiway had an interest in the condemned property. According to Smiway, under such evidence as was adduced, there was no jury issue as to the existence of its leasehold interest and the sole question for the jury was the amount of compensation to be awarded for the condemnation. In the final analysis, we need not make a determination as to whether this enumeration constitutes an independent ground for reversal. The case must already be retried for the reasons discussed in Divisions 3 and 5 of this opinion. Undoubtedly, the evidence at retrial will be different. However, for the benefit of the parties and the trial court, we make the following observation: There is considerable doubt whether the evidence would have authorized the jury to find that Smiway had legally "abandoned" its leasehold interest in the property so as not to be entitled to some compensation. "While acts which

are equivalent to, or which may reasonably be construed to be equivalent to, an agreement on the part of a tenant to abandon, and on the part of the landlord to resume, possession of the premises may amount to a surrender by operation of law, still, to constitute a surrender by operation of law, there must not only be a surrender by the tenant, but also an acceptance thereof by the landlord as a surrender. 'A mere giving of the keys to the landlord does not of itself show a surrender.' [Cit.]" *Lamb v. Gorman*, 16 Ga. App. 663 (2) (85 SE 981) (1915). There appears to be no evidence that Smiway intended and that Mrs. Schiffer accepted a surrender of the leasehold back to her. If the "catalyst" for Smiway's vacating of the property was the "impending condemnation proceedings" and neither it nor Mrs. Schiffer intended that such vacation of the premises would constitute a "surrender" of the leasehold, Smiway would not be precluded from receiving such just and adequate compensation to which it would otherwise be entitled under the law and evidence. See *Dept. of Transp. v. 2.734 Acres of Land*, supra at 543.

There was also some evidence that Smiway did not pay rent after it vacated the premises. However, Smiway, for its part, contended without apparent contradiction that this was pursuant to the mutual agreement of the parties and that the past-due rent would be calculated and paid after an award had been made in conjunction with the condemnation proceedings. Even if such a mutual agreement did not exist, it would appear that the mere failure to pay rent, standing alone, would not necessarily constitute an abandonment and surrender of the leasehold interest. Under the terms of the lease, the landlord had the right to terminate the lease for failure to pay rent, *if* the default had not been cured within five days after written notice to the tenant. There was apparently no evidence that Mrs. Schiffer ever sent such written notice to Smiway. "The provision for forfeiture was for the benefit of the lessor, and after a default in rent payments [she] had the election to determine whether to declare a forfeiture or not. [Her] election to terminate the lease must have been evidenced by some unequivocal act." *Oastler v. Wright*, 201 Ga. 649, 652 (40 SE2d 531) (1946). DOT also asserts that there was some evidence that Smiway had assigned its leasehold interest or sublet the premises to another party. However, again there is some doubt whether, under such evidence as was adduced at trial, there was any unauthorized assignment or subletting of the premises on Smiway's part. See generally *Beckanstin v. Public &c. Ins. Co.*, 123 Ga. App. 626 (182 SE2d 167) (1971).

Accordingly, it would appear that the trial court may have indeed erred, insofar as its charge intimated that the jury could find under the evidence that Smiway had no leasehold interest in the condemned property. Unless the evidence at the retrial demonstrates the exis-

tence of a jury question as to whether, under the applicable law of landlord and tenant and the provisions of the lease agreement, Smiway had no leasehold interest at the time of the taking as against Mrs. Schiffer's claim of unencumbered ownership, the trial court should not submit that issue to the jury.

### Case No. 71180

7. OCGA § 5-6-46 (a) provides that a notice of appeal acts as supersedeas. It prevents the trial court from taking further action to enforce the judgment being appealed. *Walker v. Walker*, 239 Ga. 175 (236 SE2d 263) (1977). Mrs. Schiffer asserts that since no motion for new trial was filed or appeal taken from the judgment in her favor, the judgment is final and enforceable as to her.

"All parties to the proceedings in the lower court shall be parties on appeal. . . ." OCGA § 5-6-37. A copy of Smiway's notice of appeal, substantially the same as that approved by OCGA § 5-6-51, was served upon Mrs. Schiffer. The judgment from which Smiway appeals is that entered by the trial court in favor of Mrs. Schiffer in the amount of $53,000 and in favor of Smiway in the amount of "zero dollars." Mrs. Schiffer is clearly a party to Smiway's appeal.

Mrs. Schiffer cites *Brissette v. Munday*, 222 Ga. 162 (149 SE2d 110) (1966) and *Willingham v. Field*, 65 Ga. 440 (1880) for the proposition that where several are sued and a several decree or verdict is had, a new trial as to one will not disturb the other. Although that is the general rule, it is inapplicable to the instant case. Due to the in rem nature of the instant condemnation proceeding, the respective interests of Smiway and Mrs. Schiffer in a verdict establishing the value of the condemned property are not several. See generally *Dept. of Transp. v. McLaughlin*, supra. A new trial as to Smiway cannot be had without affecting Schiffer's right as lessor to compensation for the same piece of property.

Smiway having appealed from the judgment entered on a verdict awarding all compensation in favor of Mrs. Schiffer and none to it, the trial court erred in granting Mrs. Schiffer's motion for writ of execution.

*Judgments reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MARCH 11, 1986 —
REHEARING DENIED MARCH 24, 1986 —

*John L. Watson, Jr., Michael D. Anderson*, for Smiway, Inc. et al.

*Charles J. Driebe, Special Assistant Attorney General, Michael J. Bowers, Attorney General, James P. Googe, Executive Assistant*

*Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General*, for Dept. of Transp.