## 76772. MEADOWS v. PHILLIPS.
### (373 SE2d 27)

Sognier, Judge.

Zack Phillips brought suit against his son-in-law, Robert Meadows, alleging that Meadows owed him $4,000 and that he had been stubborn and litigious in failing to repay it. Meadows denied owing the money. The trial court granted Phillips' motion for summary judgment and Meadows appeals.

The record reveals that on several occasions beginning approximately in 1980 appellee brought various sums of money either to appellant or to appellant's wife, who was appellee's daughter, for safekeeping, explaining that he just did not want the money "in his name." It is uncontroverted that the bulk of this money — about $45,000 by appellee's reckoning; about $90,000 according to appellant — was repaid as appellee called for various sums from time to time. Apparently the only record kept of these continuing transactions was a running tally appellee made out of the presence of appellant and kept at his home.

To support the allegation in his complaint that the money was owed, appellee relied primarily on a memorandum or receipt, written on appellee's business letterhead, which stated "Zack Phillips gave to Mr. Meadows $4,000.00 to buy shares in Sears and Roebuck Stock. These shares was [sic] to be matured sometime during the month of June, 1984," followed by appellant's signature, address and phone number, and the notation, in appellant's handwriting, "$4,000 + Interest on Sears shares." In support of his motion for summary judgment, appellee relied on that receipt, as well as on his own affidavit, in which he swore he gave appellant $4,000 on or about August 7, 1981, with the express understanding that he was to hold it until it was asked for; that appellee had agreed with appellant's suggestion that the money be invested in a Sears stock savings plan; that appellant signed the receipt; and that repeated demands had been made upon appellant to return the money. In addition, appellee relied on appellant's deposition testimony that some of the money left with him by appellee had been spent, and that he had not returned the $4,000 referred to in the receipt, as being "tacit admissions" that the money was owed.

In opposition to the motion for summary judgment, appellant submitted his own affidavit, in which he swore that at the time he signed the document referred to in the motion, he received no money, but had signed the document at appellee's request so that appellee could show it to one of his creditors to convince the creditor that appellee was owed $4,000. Appellant further stated that he was "not indebted to Zack Phillips in any amount whatsoever." Further, in his deposition testimony appellant stated that he believed he had re-

turned all of appellee's funds.

"Receipts for money are always only prima-facie evidence of payment and may be denied or explained by parol." OCGA § 24-6-9. It is well established that if an explanation is given, the existence of the receipt may be disregarded by the trier of fact. *Atlantic Coast Line R. Co. v. Thomas*, 14 Ga. App. 619 (82 SE 299) (1914). Thus the existence of the receipt, if explained, does not preclude the existence of a genuine issue of material fact here as to whether appellant received the $4,000 referred to in the receipt.

The evidence of record reveals a conflict exists, thus creating genuine issues of material fact as to the circumstances under which the receipt was signed, and as to whether appellant owes appellee any money. " '(T)he party opposing a motion for summary judgment is to be given the benefit of all reasonable doubts and all favorable inferences that can be drawn from the evidence [cit.] . . .' [Cit.] Applying the foregoing rule to the evidence in this case, we find the grant of summary judgment erroneous." *Webster v. Vulcan Materials Co.*, 184 Ga. App. 749 (362 SE2d 420) (1987).

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED SEPTEMBER 13, 1988.

*Allen F. Townsend*, for appellant.
*Gordon G. Greenhut*, for appellee.