## 46472. CENTENNIAL INSURANCE COMPANY v. SANDNER, INC. et al.

(380 SE2d 704)

BELL, Justice.

We granted certiorari in this case to consider whether a cross-appeal ever lies against a party who is not an appellant. The Court of Appeals concluded a cross-appeal could not lie in such a situation. *Centennial Ins. Co. v. Sandner, Inc.,* 189 Ga. App. 277, 281 (3) (375 SE2d 611) (1988).[1] We disagree.

1. Several provisions of the Appellate Practice Act, OCGA § 5-6-30 to § 5-6-51, are relevant to our inquiry. OCGA § 5-6-30 provides that the Appellate Practice Act shall be construed liberally "so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein."

Moreover, the cross-appeal provision, OCGA § 5-6-38, provides that "the appellee may present for adjudication on the cross appeal all errors or rulings adversely affecting him; and in no case shall the appellee be required to institute an independent appeal on his own right." Thus, OCGA § 5-6-38 does not specifically limit an appellee to cross-appealing only against an appellant, or only to enumerations raised by an appellant.

Furthermore, OCGA § 5-6-37 states that "all parties to the proceedings in the lower court shall be parties on appeal," and shall be served with a copy of the notice of appeal. We have construed the phrase "proceedings in the lower court" to include all proceedings in the lower court and not merely those that directly relate to the appellant's enumerations of error. *Executive Jet Sales v. Jet America,* 242 Ga. 307 (248 SE2d 676) (1978). Thus, all parties to all proceedings in the lower court are parties on appeal.

Construing the foregoing provisions liberally, § 5-6-30, we hold that an appellee may institute a cross-appeal against a party other

---

[1] The facts of this case are set forth fully in the opinion of the Court of Appeals and will not be reiterated here.

than an appellant.[2] This holding is consistent with the liberal construction we have given the Appellate Practice Act in such cases as *Southeast Ceramics, Inc. v. Klem*, 246 Ga. 294, 296 (1) (271 SE2d 199) (1980); *Marathon U. S. Realties v. Kalb*, 244 Ga. 390 (260 SE2d 85) (1979); and *Executive Jet*, supra, 242 Ga. Statements to the contrary that are contained in *Glennville Wood &c. Co. v. Riddlespur*, 156 Ga. App. 578 (1) (276 SE2d 248) (1980), and *All American Assur. Co. v. Brown*, 177 Ga. App. 402, 405 (339 SE2d 611) (1985), are disapproved.

Applying the foregoing principles to the instant case, we conclude that Centennial properly instituted a cross-appeal against Bailey, Martin and Fay.

2. We find it necessary to address one other contention of the appellees. They contend that Centennial's cross-appeal is improper because Centennial is seeking to cross-appeal the denial of a motion for summary judgment without first following the interlocutory appeal procedures of OCGA § 5-6-34 (b). We decided this contention adversely to the appellees in *Marathon U. S. Realties,* supra, 244 Ga. at 392-393.

3. For the foregoing reasons, we reverse Division Three of the opinion of the Court of Appeals.

*Judgment reversed in part. All the Justices concur, except Hunt, J., not participating.*

DECIDED JULY 7, 1989.

*Neely & Player, John W. Winborne III,* for appellant.

*Kilpatrick & Cody, Robert E. Shields, W. Anthony Moss, Thomas H. Christopher, David P. Phippen, Lawson & Davis, G. Thomas Davis,* for appellees.

---

[2] Of course, the appellee must serve a copy of the notice of cross-appeal on that party. See OCGA §§ 5-6-38 and § 5-6-32.