A89A1118. MARSDEN v. SOUTHEASTERN SASH & DOOR COMPANY, INC.
(388 SE2d 730)

POPE, Judge.

Plaintiff Southeastern Sash & Door, Inc. ("Southeastern") filed suit against defendants Steven W. Marsden, William Marsh and Clay Futch as personal guarantors of the account of Sunbelt Lumber Supply, Inc. ("Sunbelt"). The record shows that in the spring of 1987 the defendants executed Guaranty of Payment contracts in which they agreed to be jointly and severally liable for the payment of expenses incurred by Sunbelt on its account with Southeastern. Sunbelt ceased operations in September 1987 and Southeastern sought payment from the defendants of $3,874.77, which included the amount that Sunbelt owed Southeastern under the terms of a promissory note executed by Sunbelt in January of 1987, plus expenses of litigation and attorney fees. The trial court granted Southeastern's motion for summary judgment and entered judgment in its favor for $6,216.70, an amount which included $2,099.70 principal and $4,117.00 attorney fees. *Held*:

1. Initially we are presented with Southeastern's motion to dismiss Marsh and Futch as parties to this appeal, based on their failure to file separate notices of appeal. Relying on OCGA § 5-6-37, these defendants, unlike defendant Marsden, did not file timely notices of appeal, but instead sent a letter to the clerk of this court adopting Marsden's brief and enumeration of errors. Marsh and Futch later filed supplemental briefs as well as a motion to strike and response

briefs to Southeastern's motion to dismiss them as parties on appeal.

OCGA § 5-6-37 provides, in relevant part, that "[a]ll parties to the proceedings in the lower court *shall* be parties on appeal . . . ." (Emphasis supplied.) We agree that a plain reading of the statute lends itself to but one construction, to wit, once a notice of appeal is timely filed, "all parties to all proceedings in the lower court are parties on appeal," *Centennial Ins. Co. v. Sandner, Inc.*, 259 Ga. 317 (380 SE2d 704) (1989), and may, subject to the rules governing practice before this court, participate in the appellate process. See also *McClure v. Gower*, 259 Ga. 678 (385 SE2d 271) (1989), citing *Munday v. Brissette*, 113 Ga. App. 147, 150 (1) (148 SE2d 55) (1966), rev'd on other grounds, 222 Ga. 162 (149 SE2d 110) (1966). Contrary to Southeastern's assertions, we do not believe that OCGA § 5-6-38 requires a different result. That section merely provides that "[a] notice of appeal shall be filed . . . ." It does not provide, nor do we construe it to require, that in cases in which one judgment is entered against multiple litigants each party seeking appellate review must file a separate notice of appeal in order to be heard by this court.

Based on the foregoing, and mindful of the legislative intent that the Appellate Practice Act is to be liberally construed in order to bring about a decision on the merits of every case appealed, see OCGA § 5-6-30, we conclude that Southeastern's motion to dismiss should be denied.

2. Defendants enumerate as error the trial court's grant of Southeastern's motion for summary judgment arguing that a material issue of fact remained as to the amount which defendants were obligated to pay under the terms of the Guaranty of Payment contracts. Specifically, defendants argue that they were only obligated to pay the amounts due to Southeastern on Sunbelt's open account, which they contend does not include the balance owing to Southeastern on the promissory note executed by Sunbelt in January 1987. Southeastern argues that the promissory note was executed as additional security for the amount then owing by Sunbelt on its open account and hence under the terms of the Guaranty of Payment contracts defendants were liable for that amount also.

The Guaranty of Payment contracts provide, in relevant part, that the guarantor "unconditionally guarantee(s) the payment of Obligor's account with Southeastern Sash & Door Company, and all expenses (including attorney's fees) incurred in the collection thereof. As used herein 'Obligor's account' shall mean the balance of the amount presently or hereafter owed by Obligor to Southeastern for goods and services, and all interest and/or carrying charges added thereto." There is no question that pursuant to the "presently or hereafter owed" language of the guaranty contracts the guarantors assumed liability for the balance of the outstanding plus amounts in-

curred in the future on the "Obligor's account." Consequently, we agree with Southeastern that the defendants were liable for the amounts owing on the promissory note to the extent that it secured amounts owing on Sunbelt's account for goods and services with Southeastern. However, no evidence was presented to show the nature of the debt secured by the note. Although Southeastern contends that "[t]he amount of the promissory note executed by Sunbelt . . . , reflected the amount owed by Sunbelt on its account at the time said note was executed" it provides no citation to the record in support of this contention.

"We are bound by the premise that in motions for summary judgment, the evidence must be construed most favorably toward the party opposing the grant of the same; and most unfavorably toward the party applying for the motion for summary judgment. All inferences and conclusions which arise from the evidence must be likewise construed. [Cits.] The cardinal rule of the summary procedure is that the court can neither resolve facts nor reconcile the issues but only look to ascertain if there is an issue. [Cit.] The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact and if the trial court is presented with a choice of inferences to be drawn from the facts, all inferences of fact from the proofs proffered [on the motion for summary judgment] must be drawn against the movant and in favor of the party opposing the motion. [Cits.]" *Daniel v. Bank South Corp.*, 183 Ga. App. 274, 277 (358 SE2d 664) (1987). The evidence of record reveals a genuine issue of material fact remains as to whether the promissory note secured amounts owed by Sunbelt on its open account with Southeastern, and hence the amount of liability of the individual guarantors. Inasmuch as Southeastern failed to show that it was entitled to judgment as a matter of law, the trial court's order granting Southeastern's motion for summary judgment must be reversed. Accord *Meadows v. Phillips*, 188 Ga. App. 377 (373 SE2d 27) (1988).

3. Because we have determined that issues remain for resolution by a jury, it is unnecessary for us to consider defendants' enumeration concerning the trial court's award of attorney fees in its summary judgment order or defendants Marsh and Futch's motion to strike.

*Judgment reversed. Banke, P. J., concurs. Sognier, J., concurs specially.*

SOGNIER, Judge, concurring specially.

I concur in the judgment, in Division 2, and in the result reached by the majority in Division 1. I write specially because I cannot agree with all that is said by the majority in Division 1.

I note initially that I understand fully the reasoning of the majority in light of the Supreme Court's recent holdings in *Centennial Ins.*

*Co. v. Sandner, Inc.*, 259 Ga. 317 (380 SE2d 704) (1989) and *McClure v. Gower*, 259 Ga. 678 (385 SE2d 271) (1989) relying in part on OCGA § 5-6-37's provision that "[a]ll parties to the proceedings in the lower court shall be parties on appeal." I must note, however, that although both the Supreme Court and the majority cite *Munday v. Brissette*, 113 Ga. App. 147, 150 (148 SE2d 55), rev'd *Brissette v. Munday*, 222 Ga. 162 (149 SE2d 110) (1966), to support their construction of the language in OCGA § 5-6-37 as mandatory, it is clear from the Supreme Court's holding in *Brissette*, supra, specifically reversing that holding in *Munday*, that an exception exists, because " '[i]t is well settled that where several are sued at law or in equity and a several decree or verdict is had, a new trial as to one will not disturb the other.' [Cit.]" Id. at 163. See also *Willingham v. Field*, 65 Ga. 440, 444 (1880). Accordingly, in my view the scope of OCGA § 5-6-37 is not broad, all-encompassing, or without exception. Rather, it appears that a determination as to whether parties to the proceedings below are parties to an appeal (*in the usual sense*, rather than just in the sense of parties entitled to notice of the appeal) depends on the nature of their interest in the judgment below. More specifically, co-defendants against whom judgments have been entered which are entirely several, rather than joint, are not parties to the appeal of a co-defendant. I do not believe the recent Supreme Court decisions in *Centennial Ins. Co.* and *McClure*, supra, changed the law in this regard, as they dealt with questions different from that presented here, and in neither case was *Brissette* or *Willingham* overruled.

In *Smiway, Inc. v. Dept. of Transp.*, 178 Ga. App. 414, 419 (7) (343 SE2d 497) (1986), a condemnation action in which the State sought to condemn property owned by one party and leased to another, only the lessee appealed from the judgment below awarding a sum certain to the owner alone. The owner argued that as to her the judgment was final and enforceable. This court did not agree, noting that although the general rule is that where multiple parties are sued and a several decree or verdict is had, a new trial as to one will not disturb the other, as set forth in *Brissette* and *Willingham*, supra, that rule was inapplicable because "the respective interests of [the lessee] and [the owner] are not several. . . . A new trial as to [the lessee] cannot be had without affecting [the owner's] right as lessor to compensation for the same piece of property." Id.

I find the *Smiway* rationale applicable to this case. In the case at bar, Marsden, Marsh, and Futch each signed a separate Guaranty of Payment contract for the debt of Sunbelt, and it might appear at first blush that the judgments against them would be several rather than joint. However, if liable, each would be liable for the same debt and consequently the trial court, no doubt recognizing this, entered summary judgment against all three, jointly *and* severally. This was

proper, as in this case were their liability entirely several, Marsh and Futch would *not* be parties to this appeal, and a reversal of the summary judgment against Marsden followed by a subsequent verdict in his favor at a trial would expose Marsh and Futch to possible liability for the entire amount, with no right of contribution from Marsden.

Accordingly, under the specific facts in this case, in which the interests of the three co-defendants below are joint, as well as several, and reversal of the summary judgment as to Marsden followed by trial cannot be had without affecting the rights of Marsh and Futch, I agree that it is proper to allow Marsh and Futch to participate in this appeal despite the fact that they did not follow the proper procedure.

DECIDED NOVEMBER 20, 1989.

*Curtis R. Boren*, for appellant.
*Moore & Rogers, Robert D. Ingram*, for appellee.

