A90A1519. DURDEN v. HILTON HEAD BANK & TRUST COMPANY, N.A.
(401 SE2d 539)

BEASLEY, Judge.

Appellant William E. Durden and appellee Hilton Head Bank & Trust Company, N.A. each hold a deed to secure debt conveying the same parcel of property from Nan Sun Nakagawa. After fire destroyed the improvements on the property, the insurer filed this interpleader action and paid the proceeds of the insurance policy into the registry of the court. This appeal results from the trial court's grant of summary judgment to the bank finding that its deed to secure debt took priority over Durden's deed.

Nakagawa and Durden approached attorney John Hunter after they agreed that Nakagawa would purchase the Lamp Post Lounge from Durden and asked Hunter to prepare a bill of sale, a promissory note and a deed to secure debt conveying Lot 58 of Greenbriar Subdivision from Nakagawa to Durden. Hunter did so. He was not asked to search the title on the property and did not do so. He did not make a file on this transaction. Upon execution of the documents, Durden took delivery and possession of the deed to secure debt. By its terms, the promissory note was due and payable in February 1986. The deed to secure debt was not recorded until May 16, 1987.

In early November 1986, Nakagawa contacted Hunter and asked if he could handle a closing for her. Subsequently, the bank retained Hunter to act as closing attorney in connection with a loan it was making to Nakagawa to be secured by the same property described in the Durden deed. Hunter did not remember that fact and due to the non-recording of the earlier deed he did not discover it during the title examination performed in connection with the loan closing for the bank. The deed to secure debt in favor of the bank was recorded on November 5, 1986.

The trial court recognized that Hunter was a dual agent of Nakagawa and of the bank. The trial court also recognized the principle set

out in *Bean v. Barron*, 176 Ga. 285 (2) (168 SE 259) (1932): "The law imputes to the principal, and charges him with, all notice or knowledge relating to the subject-matter of the agency which the agency acquires or obtains while acting as such agent and within the scope of his authority, or which he may previously have acquired, and which he then had in mind, or which he had acquired so recently as to reasonably warrant the assumption that he still retained it. . . ." (Citation and punctuation omitted.) Id. at 285.

The question is whether the bank had knowledge or notice, via what was in the mind of its agent, attorney Hunter, of the Durden deed to secure debt when it took a deed to secure debt on the same property. *Bean v. Barron*, supra. The question is not whether Hunter "should have remembered" that he had earlier prepared and transacted a deed on the same property. This is not a case of negligence, where duty standards of due care include what a person should have done or not done, but instead a case of knowledge or notice.

It is affirmatively shown, and not refuted by any contradictory evidence, that Hunter did not remember the first deed when he drew the second for another client some months later. He explained why there was nothing to jog his memory. In addition to the circumstances described above, he noted that the deed had simply been additional collateral in a non-real estate related transaction, he never had any further connection with that transaction, and no one ever returned the deed to him to record.

The mere fact that only 11 months intervened between the two instances of legal services would not permit the jury to completely discard Hunter's testimony as untruthful and replace it with an assumption that he did have the knowledge or notice about this particular piece of real estate in his mind. There is no conflict in the positive evidence on this point of fact, and there is nothing to even raise an inference of impeachment. To accept appellant's argument would require ignoring the fundamental evidentiary principle, confirmed by the oath, that every witness is presumed to tell the truth. See *Durham v. Holeman*, 30 Ga. 619, 626 (6) (1860) and Suggested Pattern Jury Instructions, Vol. I: Civil, 2d ed., p. 15.

In both *Fowler v. Latham*, 201 Ga. 68 (38 SE2d 732) (1946) and *Faircloth v. Taylor*, 147 Ga. 787 (95 SE 689) (1918), the agents whose knowledge at a particular time was at issue were dead, so that the assumption would have filled the evidentiary gap if the circumstances warranted it. That would be up to the trier of fact. Here we do not have such a void.

Durden could have protected his interest by recordation of his security deed but failed to do so and now relies instead on the *subsequent* memory of another's agent. He cannot manufacture that memory from an assumption when all the evidence is to the contrary. Ap-

plying the rules of summary judgment, see *Marsden v. Southeastern Sash &c. Co.*, 193 Ga. App. 597, 599 (2) (388 SE2d 730) (1989), we hold that the trial court was correct. Durden will have to suffer the consequences of the rule of law contained in OCGA § 44-2-1.

*Judgment affirmed. Carley, C. J., Birdsong, Sognier and Cooper, JJ., concur. Deen, P. J., McMurray, P. J., Banke, P. J., and Pope, J., dissent.*

POPE, Judge, dissenting.

I must respectfully dissent. Material factual issues remain and summary judgment is improper. The majority relies on the first part of the holding of *Bean v. Barron*, 176 Ga. 285 (2) (168 SE 259) (1932) which states that a principal is charged with knowledge previously acquired by his agent relating to the subject matter of his agency and which the agent then had in mind when acting for the principal, but the majority ignores the second, entirely separate part of the holding set out in *Bean*, that the principal also may be charged with knowledge of the agent even if the agent does not specifically remember, if the knowledge of the agent was "acquired so recently as to warrant the assumption that he still retained it. . . ." *Bean*, supra at 285.

The majority accepts Hunter's testimony that he does not remember drawing the first deed and ends the inquiry. Even accepting Hunter's testimony as truthful, as I do, summary judgment is not appropriate because questions remain about whether Hunter should have remembered drawing the first deed.

"We are bound by the premise that in motions for summary judgment, the evidence must be construed most favorably toward the party opposing the grant of the same; and most unfavorably toward the party applying for the motion for summary judgment. All inferences and conclusions which arise from the evidence must be likewise construed. The cardinal rule of the summary procedure is that the court can neither resolve facts nor reconcile the issues but only look to ascertain if there is an issue. The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact and if the trial court is presented with a choice of inferences to be drawn from the facts, all inferences of fact from the proofs proffered on the motion for summary judgment must be drawn against the movant and in favor of the party opposing the motion." (Citations and punctuation omitted.) *Marsden v. Southeastern Sash &c. Co.*, 193 Ga. App. 597, 599 (2) (388 SE2d 730) (1989). It is for a jury to determine whether Hunter should have remembered after 11 months that he previously prepared a deed for the same property owned by Nakagawa.

I am not persuaded differently by *Fowler v. Latham*, 201 Ga. 68 (3) (38 SE2d 732) (1946). That case also involved an attorney who

had drawn an earlier unrecorded deed. However, in *Fowler*, the time between the drawing of the first deed and the time the opposing party sought to have the attorney charged with that knowledge was 16 years. *Fowler*, supra at 75. A passage of 16 years certainly removes the assumption that the knowledge was acquired so recently so as to warrant the conclusion that the knowledge would still be retained. The same cannot be said for a period of only 11 months. Although a jury may determine that the outcome should be as it was decided by the trial court, nonetheless it is not for summary adjudication.

I am authorized to state that Presiding Judge Deen, Presiding Judge McMurray, and Presiding Judge Banke join in this dissent.

DECIDED DECEMBER 5, 1990 —
REHEARING DENIED DECEMBER 20, 1990 — 

*J. Alvin Leaphart*, for appellant.
*Brennan, Harris & Rominger, Richard J. Harris*, for appellee.