A93A2220. SCHULMAN v. MIS RESOURCES INTERNATIONAL.
(443 SE2d 2)

COOPER, Judge.

Plaintiff filed a lawsuit against defendant alleging breach of contract resulting from defendant's failure to pay overtime compensation. Both parties filed motions for summary judgment, and the trial court denied plaintiff's motion and granted defendant's motion. Plaintiff appeals the grant of summary judgment to defendant.

Defendant is a company in the business of hiring, as consultants, persons skilled in technical areas such as computer and software programming. Defendant maintains a client list of companies in need of various computer expertise and assigns consultants to companies in need of such personnel. Plaintiff was hired by defendant as a computer consultant in October 1990, at a yearly salary of $44,000. In February 1991, plaintiff was terminated for inadequate job perform-

---

ance and subsequently filed a lawsuit against defendant alleging breach of contract for failure to pay him for overtime.

Plaintiff argues that his employment contract obligated defendant to pay him $44,000 for 2,000 work hours; that overtime was to be paid at the same hourly rate; and that at the time of his termination he was due to be paid for 284 hours of overtime totaling $6,480.88. Defendant contends that plaintiff was an exempt employee, hired at an annual compensation rate of $44,000 and was not entitled to overtime compensation. In support of its motion for summary judgment, defendant submitted the affidavit of its chief executive officer, Wayne Edwards. Edwards stated that plaintiff was hired at a yearly compensation of $44,000 and as such was only eligible for additional compensation through the quarterly incentive bonus program outlined in the personnel manual. The quarterly incentive bonus program entitled plaintiff to be paid for billable hours worked over the target billable hours in a quarter, and non-billable hours did not count towards the incentive bonus. Edwards further stated that the quarterly incentive program was explained to plaintiff at the beginning of his employment and that it was customary to periodically re-explain the program to all consultants.

The trial court found that plaintiff's employment with defendant was subject to the following documents: 1) confirmation letter of employment, 2) formal offer of employment, 3) professional services agreement, 4) computer consultant time sheets, and 5) personnel policies and procedures. The confirmation letter refers to the formal letter of employment as confirming all the details verbally discussed. The formal offer of employment provides, in relevant part, as follows: "Your annual compensation [of $44,000] is based on 50 weeks of work, 40 hour work weeks, thus allowing two weeks during the year to be used for vacation, holidays and personal time off. *Additional time worked, i.e., overtime, will be paid at this same rate.*" (Emphasis supplied.) In the professional services agreement, there is a paragraph relating to "Compensation" which states that "the Offer Summary on page # 4 . . . will provide the basis for compensation." The Offer Summary outlines plaintiff's compensation in the following manner:

"COMPENSATION PER 52 WEEK YEAR: $44,000.00 USA
* Calculated on 2000 hours (50 weeks @ 40 hours per week).
* Includes two weeks vacation, and 9 paid statutory holidays.
* *Additional hours worked paid at same rate.*
* 5.4 % of compensation paid after 1928 hours are worked.
* Additional provisions in offer letter.
* Start date: No later than two weeks from client acceptance."
(Emphasis supplied.)

" 'To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of ma-

terial fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.' [Cit.]" *Tokheim Corp. v. First American Bank of Ga.*, 206 Ga. App. 105, 108 (3) (424 SE2d 54) (1992). Construing the evidence of record, including the employment offer and professional services agreement together with the affidavit of Edwards and the personnel manual, we find that a conflict exists. "The party opposing a motion for summary judgment is to be given the benefit of all reasonable doubts and all favorable inferences that can be drawn from the evidence. Applying the foregoing rule to the evidence in this case, we find the grant of summary judgment [to defendant] erroneous." (Citations and punctuation omitted.) *Meadows v. Phillips*, 188 Ga. App. 377, 378 (373 SE2d 27) (1988).

*Judgment reversed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 3, 1994 —
RECONSIDERATION DENIED MARCH 28, 1994 —

*Mark P. Ellis, Guy J. Camuso, Jr.,* for appellant.
*Lamb & Associates, W. L. Henderson,* for appellee.